This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LINDA ECKERT BALLARD**

Plaintiff-Appellant,

v.                                                                 NO. 35,319

**VALENE FERNANDEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Matthew J. Sandoval, District Judge**

Linda Eckert Ballard
Santa Rosa, NM

Pro Se Appellant

Guebert Bruckner, P.C.
Jason A. Vigil
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Plaintiff appeals, pro se, from a district court order dismissing her complaint on statute of limitations grounds. We issued a calendar notice proposing to affirm.

Plaintiff has responded with a memorandum in opposition. We affirm the district court.

{2} Plaintiff continues to claim that the district court erred in granting summary judgment and dismissing her complaint on statute of limitations grounds. We review this issue de novo. *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* When reviewing a motion for summary judgment, a court must "view the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted).

{3} Plaintiff's complaint, filed on October 8, 2014, alleged that she was injured as a result of a vehicle accident that was caused by Defendant's negligence. [RP 1] The incident took place on March 22, 2011, making the filing of the complaint outside of the three-year limitations period. [RP 1] *See* NMSA 1978, § 37-1-8 (1976). Defendant relied on the following savings statute to argue that she was not outside the limitations period, because she had initially filed a timely complaint in federal court:

> If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be

2

commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

NMSA 1978, § 37-1-14 (1953).

**{4}** Defendant argued below that Plaintiff could not rely on the initial federal court suit because the filing of the case in federal court constituted negligence. [RP 29-37] Specifically, Defendant argued that Plaintiff's complaint in the district court indicated that there was no diversity jurisdiction, or other basis for asserting jurisdiction in federal, as opposed to state court. [RP 34] Under similar circumstances, this Court has concluded that the savings statute is unavailable because the filing of the suit in federal court constituted negligence in prosecution. *Barbeau v. Hoppenrath*, 2001-NMCA-077, ¶¶ 3, 15, 131 N.M. 124, 33 P.3d 675. To the extent that Plaintiff argued that she lived in Texas when the accident occurred in 2011, there does not appear to be any dispute that she lived in New Mexico when she filed her 2014 federal complaint; indeed, this fact was relied on by the federal court as a basis for dismissal for lack of diversity. [RP 42] As noted in *Foster v. Sun Healthcare Grp. Inc.*, 2012-NMCA-072, ¶ 10, 284 P.3d 389, the holding in *Barbeau* was based on that plaintiff's knowledge that diversity did not exist when the complaint was filed. The same facts exist here. In addition, although Plaintiff contends that her federal lawsuit raised a federal question, which would confer jurisdiction, the federal court specifically rejected this contention, finding that no federal question was raised in Plaintiff's

complaint. [RP 42] The district court here could rely on that determination to conclude that Plaintiff should have filed a timely complaint in state court. Finally, to the extent that Plaintiff alleges a federal question was raised by her arguments relating to the lack of medicare and medicaid coverage under the circumstances of this case [MIO 1-2], her redress for any damages relating to the automobile accident and Defendant's liability needed to be resolved in the state court action.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**

4