2001-NMCA-077

33 P.3d 675

**Ronald BARBEAU and Leora Barbeau, Plaintiffs–Appellants,**

v.

**Kim HOPPENRATH, Defendant– Appellee.**

**No. 20,922.**

Court of Appeals of New Mexico.

Aug. 29, 2001.

Alexander A. Wold, Jr., Alexander Wold & Associates, P.C., Albuquerque, NM, for Appellants.

Stephen M. Simone, Simone, Roberts & Weiss, P.A., Albuquerque, NM, for Appellee.

## *OPINION*

CASTILLO, Judge.

{1} Plaintiffs Ronald and Leora Barbeau (Barbeaus) originally filed their personal injury claim (first complaint) against Defendant Kim Hoppenrath (Hoppenrath) and Farmers Insurance Company of Oregon in the United States District Court for the District of Oregon (Oregon federal court) two days before the New Mexico statute of limitations on the claim expired. After the federal magistrate dismissed the suit and denied the motion to transfer venue to New Mexico, Barbeaus filed a second complaint in New Mexico district court attempting to avail themselves of the New Mexico Savings Statute, NMSA 1978, § 37–1–14 (1880). The district court granted summary judgment to Hoppenrath and dismissed the case with prejudice. Barbeaus appeal. We affirm.

## I. STANDARD OF REVIEW

{2} The standard of review for a motion for summary judgment is whether there are any genuine issues of material fact and whether the moving party is entitled to summary judgment as a matter of law. *Williams v. Cent. Consol. Sch. Dist.*, 1998–NMCA–006, ¶ 7, 124 N.M. 488, 952 P.2d 978; *see* Rule 1–056(C) NMRA 2001. We consider the facts in the light most favorable to the party opposing summary judgment. *See Gillin v. Carrows Rest., Inc.*, 118 N.M. 120, 122, 879 P.2d 121, 123 (Ct.App.1994). If, however, the facts are not in dispute, and only a legal interpretation of the facts remains,

summary judgment is appropriate. *See Garrity v. Overland Sheepskin Co.*, 121 N.M. 710, 718, 917 P.2d 1382, 1390 (1996). In this case, there are no facts in dispute.

## II. BACKGROUND

{3} In response to Barbeaus' second complaint, Hoppenrath filed a motion for summary judgment, to which she attached Barbeaus' first complaint and the entire order entered by the federal magistrate; neither was contested by Barbeaus. The first complaint alleges that Barbeaus were citizens of Oregon and that one of the defendants, Farmers Insurance Company of Oregon, was a citizen of Oregon. Given the nature of the cause of action, the only arguable basis for federal court jurisdiction would be diversity of citizenship. 28 U.S.C. § 1332 (1996). By alleging that the plaintiffs and one of the defendants were all citizens of Oregon, Barbeaus defeated diversity and eliminated subject matter jurisdiction. Therefore, the claim was clearly improperly filed in Oregon federal court.

{4} The federal magistrate's order provides additional information about the prosecution of the case in Oregon. After Hoppenrath filed her motion to dismiss the first complaint on jurisdictional grounds, Barbeaus conceded that there was no personal jurisdiction in Oregon and then filed a motion to transfer venue to New Mexico pursuant to 28 U.S.C. § 1406(a) (1996). Section 1406(a) permits federal courts, "in the interest of justice," to transfer cases to the district in which the case should have been brought. The federal magistrate observed that the attorney for Barbeaus "knew or should have known that there was not subject matter jurisdiction at the time he filed the case." The federal magistrate, recognizing that failing to transfer could result in the inability of Barbeaus to recover due to the statute of limitations, nonetheless refused to transfer because he found that Barbeaus' counsel "was not diligent in this case." The federal magistrate dismissed the case for lack of personal and subject matter jurisdiction, and denied the motion to transfer venue.

{5} Barbeaus then re-filed their action in New Mexico district court within the six-month time limit pursuant to Section 37–1–14. They also filed a motion for summary judgment. Before the district court heard the motions, the parties stipulated to the following facts:

(1) Barbeaus were injured on October 8, 1995, in an automobile accident in Bernalillo County, New Mexico.

(2) On October 6, 1998, Barbeaus filed a complaint against Hoppenrath and Farmers Insurance Company of Oregon in Oregon federal court.

(3) On February 3, 1999, Federal Magistrate Coffin dismissed the case for lack of personal and subject matter jurisdiction.

(4) Hoppenrath was a resident of Wisconsin and had no connections to Oregon.

(5) On May 4, 1999, the case was re-filed in New Mexico.

{6} At the hearing, the district court heard the arguments of the parties. Without explaining its rationale, the district court entered an order granting Hoppenrath's motion for summary judgment and dismissing the case against Barbeaus with prejudice. We review the district court's order de novo.

## III. ANALYSIS

{7} The New Mexico Savings Statute reads as follows: "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." Section 37–1–14. There is no dispute that the second suit was timely filed.

{8} Hoppenrath argues for affirmance urging this Court to hold that the New Mexico Savings Statute does not apply to out-of-state cases. We need not reach this issue and specifically decline to do so because we hold that Barbeaus were negligent in the prosecution of their case and, thus, the New Mexico Savings Statute does not apply.

{9} Barbeaus contend that the statute does apply to their case because they were not negligent in its prosecution. First, they argue that the federal magistrate order can-

not be relied upon to show negligence because it was based on speculation and there was no hearing. We do not rely on the magistrate's order except to confirm what appears to be true based on the undisputed facts and the law we apply later in this opinion.

{10} Barbeaus also argue that a party should not be penalized for filing in an improper forum because the choice of forum should be left to the discretion of the plaintiff and that in New Mexico negligence in prosecution only applies to cases that are dismissed for failure to actually prosecute citing to *Gathman–Matotan Architects & Planners, Inc. v. State Dep't of Fin. Admin.*, 109 N.M. 492, 493, 787 P.2d 411, 412 (1990). We address these arguments together.

{11} We agree with Barbeaus that courts should not second guess an attorney's rationale in filing in one jurisdiction or another; however, whatever forum chosen must at least arguably provide personal and subject matter jurisdiction. In this case, Barbeaus waited to file their complaint until two days before the expiration of the statute of limitations. They defeated subject matter jurisdiction by the very allegations in their complaint and then conceded lack of personal jurisdiction. Certainly, if Barbeaus' attorney was unsure of which court would have jurisdiction, he could have filed the case simultaneously in New Mexico and Oregon; this becomes particularly important in light of the extremely short period of time remaining before expiration of the statute of limitations. While Barbeaus would like us to view their actions as strategic, we view them as demonstrating a clear disregard of the elementary requirements of jurisdiction.

{12} Consequently, the key issue before this Court is whether Barbeaus' actions rise to the level of negligent prosecution of their case. Barbeaus would have us hold that "negligence in its prosecution" is limited to only those cases where the action is filed but not actually prosecuted, relying on *Gathman–Matotan*. We disagree. *Gathman–Matotan* characterizes Section 37–1–14 as "a tolling statute, which operates to suspend the running of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed, except when the dismissal is based on a failure to prosecute the action with reasonable diligence." *Id.* at 493–94, 787 P.2d at 412–13. While the *Gathman* court did not specifically define "negligence in its prosecution," it held that failure to prosecute and negligence in the prosecution were one and the same for purposes of Section 37–1–14. Because New Mexico case law has not comprehensively defined what constitutes "negligence in the prosecution," we look to other jurisdictions for guidance.

{13} The Iowa Supreme Court in *Sautter v. Interstate Power Co.*, 563 N.W.2d 609, 611 (Iowa 1997) held that when plaintiffs had knowledge of the facts that would deny them jurisdiction, their failure to file in the correct forum constituted "negligence in the prosecution." *See also Wetter v. Dubuque Aerie No. 568 of the Fraternal Order of Eagles*, 588 N.W.2d 130, 132 (Iowa Ct.App.1998) (where the ultimate and determinative jurisdictional fact was implicitly and peculiarly known only to the defendants and there was no evidence plaintiff was less than diligent in choosing a forum, the Iowa Savings Statute applies).

{14} In *White v. Tucker*, 53 Ill.App.3d 862, 11 Ill.Dec. 636, 369 N.E.2d 90 (1977), the Illinois Court of Appeals held that the plaintiff must have commenced his original cause of action with an honest but mistaken belief that he was doing so in a court of proper jurisdiction in order to be entitled to the benefits of the Illinois Savings Statute. *Id.* 11 Ill.Dec. 636, 369 N.E.2d at 92–93. The court in *White* explained the rationale for the due diligence requirement: unless the applicability of the savings statute is restricted to those cases where any problem with jurisdiction is based on an honest but mistaken belief on the part of a plaintiff, the plaintiff could file a complaint in any jurisdiction at any time prior to the expiration of the limitation period secure in the knowledge that the mere filing of a complaint in any jurisdiction would automatically entitle the plaintiff to re-file the same action in Illinois. *Id.* 11 Ill.Dec. 636, 369 N.E.2d at 92–93.

{15} We agree with the reasoning in these cases. The Savings Statute is intended to protect those who prosecute their action in

a non-negligent manner; the plaintiff must choose a forum that arguably has the power to decide the matter involved.

{16} The district court had before it the first complaint, the federal magistrate order, and the stipulated facts, which together support the conclusion that Barbeaus were negligent in the prosecution of their case. Two days before the expiration of the statute of limitations, Barbeaus filed their first complaint, which on its face defeated subject matter jurisdiction, and then conceded that there was no personal jurisdiction over the remaining defendant. The Barbeaus made no showing that the filing in Oregon federal court was an innocent mistake or an erroneous guess at an elusive jurisdictional fact known only to the defendants or any other circumstance that might serve to excuse what otherwise appears clearly to be negligence. Under the undisputed facts of this case, there was negligence in prosecution as a matter of law. The district court properly granted summary judgment.

## IV. CONCLUSION

{17} We do not decide whether the New Mexico Savings Statute applies to out-of-state cases because in this case, the New Mexico Savings Statute is clearly inapplicable based on Barbeaus' negligent prosecution of the case. We affirm the district court's grant of summary judgment to Hoppenrath and the dismissal with prejudice of Barbeaus' complaint.

{18} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD, Judge, and MICHAEL D. BUSTAMANTE, Judge.