2006-NMCA-046

134 P.3d 773

**AMICA MUTUAL INSURANCE COMPANY, a foreign corporation, Plaintiff–Appellant,**

**and**

**Diane Raleigh, Involuntary Plaintiff–Appellant,**

**v.**

**Gordon Peter McROSTIE, Defendant–Appellee.**

**No. 25,432.**

Court of Appeals of New Mexico.

Feb. 3, 2006.

Certiorari Denied, No. 29,723, April 20, 2006.

O'Brien & Ulibarri, P.C., Daniel P. Ulibarri, Beatriz Aguirre–Strong, Albuquerque, NM, for Appellants.

The Ross Firm, Gregory Ross, Santa Fe, NM, for Appellee.

## OPINION

SUTIN, Judge.

{1} New Mexico has a savings statute which states that once a suit has been commenced, if it "fail[s] . . . for any cause, except negligence in its prosecution," a second suit can be brought within six months and the second suit will be considered a continuation of the first suit. NMSA 1978, § 37–1–14 (1880). This statute has the effect of preventing a statute of limitations from barring a suit where the original suit was brought in a timely fashion but the statute ran before the second suit was filed. *See Gathman–Matotan Architects & Planners, Inc. v. State Dep't of Fin. & Admin.*, 109 N.M. 492, 493–94, 787 P.2d 411, 412–13 (1990). In this case, we are presented with the question of whether an original suit failed for "negligence in its prosecution" when it was filed in an improper venue. We conclude that the suit did not fail.

{2} We are also presented with the question of whether it was proper for the district court to refuse under a local court rule to entertain a motion to amend the complaint to add an indispensable party. The local rule prohibits a party from making a cross-motion in a response to a motion. We hold that the district court erred in refusing to hear the motion. Finally, we also hold that the court erred in refusing to grant the motion given the policy of Rule 1-015 NMRA to freely grant amendments.

## BACKGROUND

{3} Plaintiff Amica Mutual Insurance Company, joining Diane Raleigh as an involuntary plaintiff, sued Defendant Gordon Peter McRostie in the Second Judicial District Court, in Bernalillo County, New Mexico, on a subrogation claim. The claim arose out of payments Plaintiff made to Raleigh after Raleigh's vehicle accident in Florida and treatment by Defendant in New Mexico.

{4} More particularly, Plaintiff alleged that Defendant was professionally negligent in giving Raleigh a trigger point injection that caused Raleigh personal injuries. The alleged negligent injection occurred on September 5, 2000. Plaintiff's complaint was filed on September 5, 2003. For jurisdiction and/or venue purposes, Plaintiff alleged that it was authorized to do business in New Mexico, "with its principle [sic] place for claims handling in Bernalillo County [New Mexico], and all other parties to this action are residents of New Mexico or otherwise subject to the jurisdiction of this Court." Plaintiff attached an affidavit of Sheryl Heiner, a regional sales executive for Plaintiff in New Mexico, who stated that Plaintiff had only one office in New Mexico and that the office was located at "P.O. Box 67620, Albuquerque, New Mexico 87193-7620."

{5} Defendant filed a verified answer raising the defense that venue was improper. Defendant also filed a motion to dismiss Plaintiff's complaint for improper venue. Defendant denied that Plaintiff's principal place for claims handling was Bernalillo County, and denied that Raleigh was a resident of New Mexico. Defendant also defended on the ground that he was not a proper party because "the entity providing medical services [to Raleigh] was G.P. McRostie, D.O.M., N.D., P.A.[,]" which was a professional corporation (Corporation). See NMSA 1978, §§ 53-6-1 to -14 (1963, as amended through 2001) (authorizing the incorporation of an individual to render professional services).

{6} At the hearing on the motion to dismiss for lack of venue, Plaintiff's only witness was an employee of Stevenson & Associates, Inc., an independent insurance adjusting company. This witness testified that she had not worked on the claim in question and did not have personal knowledge of whether her firm handled the claim. She further testified that Plaintiff did not employ persons in New Mexico and did not have an office or physical address in the State. There was no testimony concerning the residence of Raleigh, and Defendant's contention that Raleigh was not a resident of New Mexico remained uncontradicted. Verbally, on January 22, 2004, and in an order entered on March 18, 2004, the district court dismissed Plaintiff's Bernalillo County complaint without prejudice for lack of venue.

{7} Plaintiff filed a new complaint against Defendant on March 25, 2004, this time in the First Judicial District Court, in Santa Fe County, New Mexico. Defendant filed an answer on May 3, 2004, affirmatively stating that the medical services in question were provided by Corporation and that Defendant was not a proper party to the action because the medical services were provided by Corporation. Defendant then filed a verified motion to dismiss on July 20, 2004, asserting that (1) the statute of limitations in NMSA 1978, § 37-1-8 (1976) barred the action and Section 37-1-14 did not save Plaintiff's action because Plaintiff was negligent in the prosecution of its first action; and (2) Defendant was not a proper party and Corporation was a necessary and indispensable party.

{8} In one document filed on August 5, 2004, Plaintiff both responded to Defendant's motion to dismiss and moved for leave to file an amended complaint to add Corporation as a party. Plaintiff took the position that its actions did not constitute negligent prosecution, asserting that, based on Heiner's affidavit, it filed its Bernalillo County complaint

with the good faith belief that Plaintiff's principal place for handling claims in New Mexico was Albuquerque, New Mexico, which is in Bernalillo County. Plaintiff also took the position that Corporation was not a necessary or indispensable party because Plaintiff was entitled to sue Defendant directly for professional negligence. Still, Plaintiff attached to its motion to amend a proposed amended complaint against Defendant individually and as principal of Corporation.

{9} Defendant countered on August 19, 2004, with a reply asserting that not only had Defendant alerted Plaintiff early on in Plaintiff's first action that it was Corporation and not Defendant that had provided the service, Plaintiff had in its possession an invoice showing "the McRostie corporate name." Further, Defendant pointed out that Plaintiff made no attempt to refute Defendant's allegation that Raleigh was not a resident of New Mexico and that the Heiner affidavit's indication of a post office box for Plaintiff and nothing more was insufficient to trigger either jurisdiction or venue. As to Plaintiff's motion to amend, Defendant asserted, among other things, that Plaintiff violated First Judicial District Rule LR1–306(E) NMRA by filing a cross-motion which operated as both a response to Defendant's motion to dismiss and a motion to amend.

{10} Following a hearing in the Santa Fe County district court on Defendant's motion to dismiss, the court entered an order granting the motion and dismissing Plaintiff's action with prejudice. As to the statute of limitations, the court determined that under *Barbeau v. Hoppenrath*, 2001–NMCA–077, 131 N.M. 124, 33 P.3d 675, Section 37–1–14 could not overcome the bar of the statute of limitations. The court also determined that under LR1–306(E) Plaintiff's motion to amend was not properly before the court and even were it properly before the court, the amendment would be futile because Plaintiff would be barred from suing Corporation under Section 37–1–8. The district court further determined that Corporation was a necessary and indispensable party.

{11} Plaintiff appeals asserting the court erred (1) in determining that its prosecution of the Bernalillo County action was negligent

under Section 37–1–14, (2) by not allowing its motion to amend for violation of LR1–306(E), and (3) by denying its motion to amend to include Corporation as a defendant. We discuss each of these points and determine that the district court misapplied *Barbeau* and should not have disallowed or denied Plaintiff's motion to amend.

## INITIAL CONSIDERATION AND PRESERVATION

■ {12} Defendant asserts that Plaintiff failed to preserve relation back and continuation arguments. We disagree. These arguments were preserved through Plaintiff's proposed amended complaint that expressly sought to overcome the bar of the statute of limitations because "[p]ursuant to [Section] 37–1–14, suit is proper," and when Plaintiff argued at the hearing on Defendant's motion to dismiss that its proffered amendment would relate back and allow the cause of action to go forward. Also at that hearing, Plaintiff stated that refiling in Santa Fe County was "contemplated by all of the parties" and requested that the matter be allowed to continue before the court. Further, the district court was fully aware of Section 37–1–14, and even discussed at the hearing a case questioning whether a second action "was a continuation" of the first under that statute. Although the court did not specifically rule in regard to the application of Rule 1–015(C) or Section 37–1–14's language that a second suit is "deemed a continuation of the first," it is apparent that the court was aware of Plaintiff's relation back contention in light of the issues brought before it by the motion to amend to add Corporation and by Plaintiff's proposed amended complaint alleging that Section 37–1–14 allowed it to proceed in spite of the statute of limitations.

## DISCUSSION

### A. Section 37–1–14 and Negligent Prosecution

■ {13} No facts are in dispute. We will treat the court's dismissal as a summary judgment under Rule 1–056 NMRA based on undisputed facts. Where no material facts are "in dispute, and only a legal interpretation of the facts remains," the standard of review is whether the moving party is enti-

tled to summary judgment as a matter of law. *Barbeau*, 2001–NMCA–077, ¶ 2, 131 N.M. 124, 33 P.3d 675.

{14} Section 37–1–14 reads: "If, after the commencement of an action, the plaintiff fail[s] therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." The question is whether Plaintiff's prosecution of the Bernalillo County action was negligent, thereby erasing the otherwise saving grace of Section 37–1–14.

{15} Defendant argues that our holding in *Barbeau* governs this case. In *Barbeau*, based on a traffic accident occurring in New Mexico, and two days before the expiration of the applicable New Mexico statute of limitations, the plaintiffs filed their original action against the alleged tortfeasor and an insurer in federal court in Oregon. 2001–NMCA–077, ¶¶ 1, 5, 131 N.M. 124, 33 P.3d 675. The federal court dismissed the action. *Id.* The plaintiffs' second action in New Mexico was dismissed when the district court determined that Section 37–1–14 did not save the plaintiffs' claim. *Id.* ¶¶ 1, 6. Noting that "whatever forum chosen must at least arguably provide personal and subject matter jurisdiction" and have "the power to decide the matter involved[,]" this Court stated that the plaintiffs "defeated subject matter jurisdiction by the very allegations in their [Oregon federal court] complaint." *Id.* ¶¶ 11, 15. Also, the plaintiffs conceded that the Oregon federal court lacked personal jurisdiction. *Id.* ¶ 11. We determined that "the claim was clearly improperly filed in Oregon federal court[,]" and that the plaintiffs' actions were not strategic but instead demonstrated "a clear disregard of the elementary requirements of jurisdiction." *Id.* ¶¶ 3, 11. Based on the foregoing circumstances, we held that the facts amounted to negligence in the prosecution of the Oregon federal court action, and we declined to save the New Mexico action under Section 37–1–14. *Barbeau*, 2001–NMCA–077, ¶ 16, 131 N.M. 124, 33 P.3d 675.

{16} The reasoning of *Barbeau* does not automatically transfer to the facts in the present case. While we cannot say that Plaintiff was free of carelessness in its lack of basis for venue in the Bernalillo County action, we are not prepared to extend *Barbeau* and conclude that the circumstances in the present case constitute negligent prosecution thereby eliminating the savings statute as a safe harbour for Plaintiff. There is a valid distinction to be made between filing a complaint that on its face defeats subject matter jurisdiction, and filing an action without a thorough investigation as to whether venue is proper.

{17} Subject matter jurisdiction gives a court power and authority to act. Without it, the court has no power or authority to act. Venue, required for convenience of parties, can be waived. Once venue is waived, the court can act. Section 37–1–14 applies to a dismissal for lack of venue. Were it not for the foot in the door given Defendant by *Barbeau*, a case in which it was evident from the complaint itself that the Oregon federal court lacked jurisdiction, we tend to doubt the present case would have reached the appellate level on this issue. We are not persuaded that we should extend the jurisdiction error in *Barbeau* to the venue mistake here. When balancing the policy favoring access to judicial resolution of disputes, including that embodied in Section 37–1–14, against the venue mistake in this case, we think it appropriate to hold, and we do hold, that the circumstances do not constitute negligent prosecution. Under Section 37–1–14, the Santa Fe County action is deemed a continuation of the Bernalillo County action. The action, therefore, is not barred under Section 37–1–8.

**B. Disallowance and Denial of Motion to Amend**

{18} The district court order stated: "Pursuant to LR1–306(E), [the motion to amend the complaint] was not properly before the Court[.] Notwithstanding, and even if this Court had granted such motion, Plaintiffs could not have maintained an action against the corporation pursuant to NMSA 37–1–8 (1978)." The court appears to have both (1) disallowed the motion to amend, by determining that the motion "was not prop-

erly before the Court," and (2) denied Plaintiff's motion to amend. We review for abuse of discretion. *See Lujan v. City of Albuquerque,* 2003–NMCA–104, ¶ 8, 134 N.M. 207, 75 P.3d 423 (reviewing for an abuse of discretion the dismissal for failing to file a timely response to a motion for summary judgment); *Lovato v. Crawford & Co.,* 2003–NMCA–088, ¶ 6, 134 N.M. 108, 73 P.3d 246 (reviewing for an abuse of discretion the denial of a motion to amend); *see also Cottonwood Enters. v. McAlpin,* 109 N.M. 78, 79–80, 781 P.2d 1156, 1157–58 (1989) (determining whether the district court abused its discretion in granting a motion to dismiss under Rule 1–041(E) NMRA).

### 1. Disallowance Based on LR1–306(E)

■ {19} LR1–306(E) states: "The practice of filing cross-motions to operate as both a motion and as a response to the original motion is prohibited." It is arguable whether Plaintiff violated the rule. Nevertheless for the purpose of deciding the issue at hand, we will assume that the district court's interpretation of the rule to include a motion to amend within the meaning of "cross-motion" was not erroneous. However, although we normally would prefer not to argue with a district court's enforcement of its local rule, we cannot defer to the court's enforcement here.

{20} Disallowance, resulting in dismissal of Plaintiff's action, effectively disengages the saving power of Rule 1–015. Rule 1–015(A) requires amendments to be freely given, absent prejudice. *See Crumpacker v. DeNaples,* 1998–NMCA–169, ¶ 17, 126 N.M. 288, 968 P.2d 799 (stating that the district court is required to allow amendments freely "if the objecting party fails to show ... prejudice[ ]"). The rule's clear policy is that amendments should be freely granted. Amendments are favored and should be liberally permitted as justice requires. *Martinez v. Research Park, Inc.,* 75 N.M. 672, 679–80, 410 P.2d 200, 205 (1965), *overruled on other grounds by Lakeview Invs., Inc. v. Alamogordo Lake Vill., Inc.,* 86 N.M. 151,

520 P.2d 1096 (1974). We see nothing in the record indicating that Defendant or Corporation would be prejudiced by the amendment. The district court did not indicate that it disallowed the motion based on undue delay or undue prejudice and Defendant does not point out any prejudice in the record before us. *See Lovato,* 2003–NMCA–088, ¶ 6, 134 N.M. 108, 73 P.3d 246 ("Amendments should be denied only where the motion is unduly delayed or where amendment would unduly prejudice the non-movant."). We hold that LR1–306(E) cannot override the policies underlying Rule 1–015 under the circumstances in this case.

### 2. Denial Based on Futility; Relation Back

■ {21} Our determination that LR1–306(E) should not result in disallowance of Plaintiff's motion does not, however, end the matter. The court determined that even if it had granted the motion to amend, adding Corporation would have been futile because the action would be barred under Section 37–1–8. The circumstances raise the specific questions of whether the claims against Corporation would relate back under Rule 1–015(C) in a way that would escape the bar of Section 37–1–8 by way of Section 37–1–14.

■ {22} Any discussion of these statutory rules and their application, of course, requires us to assume that Corporation is a necessary and indispensable party such that, without joinder, the complaint was subject to dismissal with prejudice. On appeal, Plaintiff has not attacked the district court's determination that Corporation is a necessary and indispensable party. Therefore, for the purposes of resolution of the issues in this appeal, Plaintiff has waived any error in regard to the district court's determination that Corporation is an indispensable party. We therefore do not address and leave for another day the propriety of the district court's ruling in this regard.[1]

{23} Rule 1–015(C) states:

---

1. It is not clear in the New Mexico law cited to us by the parties that a medical provider who commits negligence in the performance of professional duties, resulting in personal injury to a

patient, cannot be sued individually for damages without joining the provider's professional corporation. *See Sanders, Bruin, Coll & Worley, P.A. v. McKay Oil Corp.,* 1997–NMSC–030, ¶ 9, 123

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{24} The case of *Romero v. Bachicha,* 2001–NMCA–048, 130 N.M. 610, 28 P.3d 1151, interpreting Rule 1–015, is similar to the present case. In *Romero,* the plaintiff sued "Frank" Bachicha eight days before the statute of limitations was to expire. 2001–NMCA–048, ¶ 3, 130 N.M. 610, 28 P.3d 1151. The plaintiff knew that it was "Paul" Bachicha who should have been named, but nevertheless did not amend the pleading. *Id.* "The process server refused to serve the complaint due to the error." *Id.* The district court dismissed the complaint for lack of prosecution but reinstated the action, following which the plaintiff filed an amended complaint and served it on Paul Bachicha about a year after the statute of limitations had run. *Id.* ¶¶ 3–4, 14. Paul Bachicha moved to dismiss asserting that the action was barred under the statute of limitations. *Id.* ¶ 5. This Court held that because the plaintiff had not served Paul Bachicha before amending the complaint and the amended complaint changed the party against whom the action was brought, the issues were governed by Rule 1–015(C)(1) and (2), *Romero,* 2001–NMCA–048, ¶¶ 11, 14, 130 N.M. 610, 28 P.3d 1151, and, particularly, whether Paul Bachicha had been notified of the institution of the action within the statute of limitations period,

which included the time for service of process. *Id.* ¶¶ 15, 17, 21.

{25} Here, we have held that Plaintiff's Santa Fe County action survived the statute of limitations bar under the application of the savings statute and is therefore a continuation of the Bernalillo County action. We have also held that under Rule 1–015(A) Plaintiff should have been permitted to amend unless, of course, amendment would be futile. The district court's determination of futility rested solely on the application of Section 37–1–8, without regard to the application of the factors in Rule 1–015(C)(1) and (2). This was an abuse of discretion. *See Stinson v. Berry,* 1997–NMCA–076, ¶ 9, 123 N.M. 482, 943 P.2d 129 (stating that we will reverse the denial of a motion to amend only upon a showing of clear abuse of discretion).

{26} The first Rule 1–015(C) factor, stated in subpart (C)(1), would be whether Corporation was on notice from the Bernalillo County action of the institution of the action against Defendant such that Corporation would not be prejudiced in the joinder and in having to maintain a defense on the merits of Plaintiff's claim. This notice issue obviously would involve factual analyses of whether Defendant was the principal professional in the professional corporation "G.P. McRostie, D.O.M., N.D., P.A.," and whether, based on Defendant's position in Corporation, Corporation had received such notice of the institution of the Bernalillo County action that Corporation would not be prejudiced in maintaining its defense on the merits. *See Rivera v. King,* 108 N.M. 5, 11, 765 P.2d 1187, 1193 (Ct.App. 1988) (holding that the defendants had received sufficient notice where the original defendants and the newly added defendants shared an identity of interests and were represented by attorneys who were involved in the litigation from its inception). The second factor, stated in subpart (C)(2), would be whether Corporation knew or should have known that, but for Plaintiff's mistake as to the identity of the proper party, the action would have been brought against Corporation. This knowledge issue would involve the same factual analyses to be made in considering the notice issue under Rule 1–015(C)(1).

N.M. 457, 943 P.2d 104 (holding "that, as a general matter, membership or shareholder status in a professional corporation does not shield

an attorney from individual liability for his own mistakes or professional misdeeds").

{27} Thus, still open for determination are the factors set out in Rule 1–015(C)(1) and (2). If those notice and knowledge factors are met, the amendment to add Corporation will not be futile. The amendment would not be futile because Plaintiff's claims against Corporation will relate back to the date of the filing of the Santa Fe County action, the Santa Fe County action being a continuation of the Bernalillo County action. Thus, for the same reason Plaintiff's claims against Defendant in the Santa Fe County action are not barred under Section 37–1–8 based on the application of Section 37–1–14, Plaintiff's claims against Corporation would similarly not be barred under Section 37–1–8. We hold that the district court erred by prematurely holding that granting the proposed amendment would be futile. Section 37–1–8 will not bar Plaintiff's claims against Corporation if the factors in Rule 1–015(C)(1) and (2) are satisfied.

**CONCLUSION**

{28} We reverse the district court's dismissal with prejudice of Plaintiff's action and remand for further proceedings consistent with this opinion.

{29} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and A. JOSEPH ALARID, Judge.