This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38169**

**KENNETH B. ZANGARA and KATHY S. ZANGARA, Husband and Wife,**

Petitioners-Appellees,

v.

**LSF9 MASTER PARTICIPATION TRUST,**

Respondent-Appellant,

and

**BANK OF AMERICA, N.A.,**

Respondent,

and

**LSF9 MASTER PARTICIPATION TRUST,**

Plaintiff-Appellant,

v.

**KENNETH B. ZANGARA and KATHY S. ZANGARA, Husband and Wife,**

Defendants-Appellees,

and

**HIGH DESERT RESIDENTIAL OWNERS ASSOCIATION, INC.; MAINTENANCE SERVICE SYSTEM, INC.; and MEDIA WORKS ADVERTISING SPECIALTIES,**

**INC.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Kevin A. Zangara, P.A.
Kevin A. Zangara
Taylor C. Zangara
Taos, NM

for Appellees

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Elizabeth A. Martinez
Spencer L. Edelman
Albuquerque, NM

Perkins Coie LLP
Aaron R. Goldstein
Brien F. McMahon
Los Angeles, CA

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff LSF9 Master Participation Trust appeals the district court's grant of summary judgment in favor of Defendants Kathy and Kenneth Zangara on Plaintiff's claim for foreclosure of a mortgage. The district court concluded that Plaintiff's claim was barred by the statute of limitations, reasoning that Plaintiff could not avail itself of the protection of New Mexico's Savings Statute, NMSA 1978, § 37-1-14 (1880), pursuant to which Plaintiff claimed its suit was timely.[1] We reverse.

## BACKGROUND

**{2}** On March 22, 2011, Plaintiff's predecessor in interest, Bank of America, N.A. (BANA), filed a complaint in the Second Judicial District Court for foreclosure of a

---

[1] The district court also granted summary judgment on an alternative basis, namely that Plaintiff lacked standing to bring the present action because, under New Mexico's Uniform Commercial Code, the entitlement to enforce a lost promissory note cannot be assigned. We resolve this issue in Plaintiff's favor in accordance with our recent precedential opinion in *CitiMortgage, Inc. v. Garcia*, 2023-NMCA-081, ___ P.3d ___.

mortgage securing a promissory note executed by Defendants, alleging that Defendants had defaulted on the promissory note and accelerating the amount due. BANA's complaint was dismissed without prejudice for failure to prosecute. Plaintiff then filed a complaint for foreclosure of the same mortgage, initiating what we hereafter refer to as the prior foreclosure action. In its complaint, Plaintiff alleged that it had been assigned the mortgage by BANA and that BANA had negotiated the promissory note secured by the mortgage to Plaintiff by transferring possession of the note indorsed in blank. *See generally* NMSA 1978, §§ 55-3-201, -204, -205, -301 (1992). Plaintiff alleged that it was unable to locate the note, but it supported this allegation with an affidavit indicating that *BANA*, rather than Plaintiff, had lost the note. *See generally* NMSA 1978, § 55-3-309 (1992).

{3}     On motion by Defendants, the district court dismissed Plaintiff's foreclosure claim for lack of standing on February 20, 2018. The court stated that there was "no indication" that New Mexico law permitted assignment of the right to enforce a lost note. But the court also faulted Plaintiffs for failing to make a "showing that [BANA] assigned its right to enforce the lost or destroyed [n]ote," even assuming assignment was possible.

{4}     Following the dismissal, Defendants filed an action to quiet title against Plaintiff, asserting in their complaint that any claim Plaintiff had to the property subject to the mortgage was time-barred under NMSA 1978, Section 37-1-3(A) (2015), which provides for a six-year limitations period in actions "founded upon . . . [a] contract in writing." Plaintiff responded by filing a complaint of its own for foreclosure of the mortgage on August 20, 2018. In its foreclosure complaint, Plaintiff again alleged that BANA had indorsed the note in blank but did not repeat its previous allegation that BANA had transferred possession of the note to Plaintiff. Instead, Plaintiff alleged that BANA had lost the note and that Plaintiff had been "assigned all of [BANA's] rights to enforce the lost [n]ote . . . by way of an [a]ssignment of [l]ost [n]ote [a]ffidavit executed on June 4, 2018"—well after Plaintiff's prior foreclosure action had been dismissed. Plaintiff asserted that its claim was timely under New Mexico's Savings Statute, § 37-1-14, which extends various statutes of limitations for claims asserted in a timely-filed suit that "fail[s]," permitting the plaintiff six months to refile unless the suit was dismissed for "negligence in its prosecution."

{5}     After the district court consolidated the quiet title and foreclosure actions, the parties briefed the statute of limitations issue, and the court entered summary judgment in Defendants' favor. The court in essence concluded that a plaintiff whose foreclosure suit is dismissed for lack of standing can *never* claim the protection of the Savings Statute, reasoning that the prior foreclosure action was "a nullity" because Plaintiff had brought suit when it was not entitled to do so. To support that conclusion, the court invoked *Mercer v. Morgan*, in which this Court held that the Savings Statute did not apply to extend the life of a plaintiff's claim because the prior suit had been "brought against a deceased person" and was therefore "a nullity." 1974-NMCA-102, ¶ 12, 86 N.M. 711, 526 P.2d 1304. Plaintiff appealed.

**DISCUSSION**

**{6}**     The district court's judgment, based in part on matters outside the pleadings, amounts to summary judgment for Defendants, Rule 1-012(C) NMRA, and our review, therefore, is de novo. *Foster v. Sun Healthcare Grp., Inc.*, 2012-NMCA-072, ¶ 6, 284 P.3d 389.

**{7}**     Plaintiff faults the district court for relying on *Mercer* to conclude that the Savings Statute did not apply. We agree. This Court's holding in *Mercer* was based on "the general rule that a suit brought against a defendant who is already deceased is a nullity and of no legal effect." 1974-NMCA-102, ¶ 5; *see also id.* ¶ 12 (relying on the rule regarding deceased defendants). That general rule does not apply here because the lawsuit Plaintiff seeks to rely on was brought against a living person. We are unaware of any New Mexico precedent extending the holding of *Mercer* to lawsuits that have been dismissed for any other reason, and we are not persuaded that the holding should be extended to *categorically* bar reliance on the Savings Statute in every case in which the prior suit was dismissed for lack of standing. Our appellate courts have not *categorically* barred a plaintiff from relying on the Savings Statute whenever a prior lawsuit was dismissed for lack of subject matter jurisdiction, *see Barbeau v. Hoppenrath*, 2001-NMCA-077, ¶¶ 11-12, 15-16, 131 N.M. 124, 33 P.3d 675, *Foster*, 2012-NMCA-072, ¶¶ 6-24, and we see no sound reason to put such a bar in place for dismissals for lack of standing.

**{8}**     Having concluded that the district court's reliance on *Mercer* was misplaced, our next task is to determine whether some other line of reasoning supports affirmance. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264 ("Under the right for any reason doctrine, an appellate court may affirm a district court ruling on a ground not relied upon by the district court if (1) 'reliance on the new ground would not be unfair to the appellant,' and (2) there is substantial evidence to support the ground on which the appellate court relies." (alterations, internal quotation marks, and citation omitted)). Specifically, the question before us is whether the Savings Statute is inapplicable because Plaintiff's prior foreclosure action failed for negligence in the prosecution.[2]

**{9}**     As noted, when a timely-filed suit is dismissed, our Savings Statute, § 37-1-14, provides the plaintiff a six-month extension of various statutes of limitations to refile the suit: "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." *See also Gathman-Matotan Architects & Planners, Inc. v. Dep't of Fin. & Admin.*, 1990-NMSC-013, ¶ 8, 109 N.M. 492, 787 P.2d 411 ("The statute is a tolling statute, which operates to suspend the running of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed, except when the dismissal is based on a failure to prosecute the action with reasonable diligence."). The

---

[2]Because both parties have briefed the issue of negligence on appeal, and Plaintiff does not argue that affirming on this basis would be improper if the decision on the merits goes against it, we conclude that it would not be unfair to affirm as right for any reason. *See generally Freeman*, 2018-NMSC-023, ¶ 30.

statute reflects a "liberal policy favoring a litigant's right to [a] day in court." *Foster*, 2012-NMCA-072, ¶ 8. Nevertheless, "when a plaintiff fails to exercise due diligence in the prosecution of his or her case, we will find that that suit has failed due to 'negligence in prosecution' and the plaintiff cannot benefit from the six-month time for refiling contained in Section 37-1-14." *Foster*, 2012-NMCA-072, ¶ 8 (alteration, internal quotation marks, and citation omitted).

**{10}** Case law interpreting the "negligence in the prosecution" exception in Section 37-1-14 is not a model of clarity. So far as we can tell, although the Savings Statute is nearly a century-and-a-half old, our Supreme Court has only discussed the exception in dictum. *See Gathman-Matotan Architects & Planners, Inc.*, 1990-NMSC-013, ¶¶ 4-5 (considering the plaintiff's contention that an earlier suit had not failed for negligence in the prosecution although the Court had already concluded that "Section 37-1-14 d[id] not apply"); *see also Gathman-Matotan Architects & Planners, Inc.*, ¶¶ 7-8 (characterizing statements in our Supreme Court's previous cases as dicta). That dictum indicates that the phrase "fail . . . for . . . negligence in its prosecution" essentially means a dismissal for failure to prosecute an action—i.e., a dismissal grounded on the plaintiff not timely taking the steps necessary to bring the first-filed lawsuit to a close. *See United States Fire Ins. Co. v. Aeronautics, Inc.*, 1988-NMSC-051, ¶ 5, 107 N.M. 320, 757 P.2d 790 ("[T]he statute of limitations on a cause of action is tolled if a new suit setting forth essentially the same cause of action between the same parties is commenced within six months after a dismissal except when the dismissal was based on the plaintiff's *failure to pursue* his claim." (emphasis added)); *Gathman-Matotan Architects & Planners, Inc.*, 1990-NMSC-013, ¶ 8 (indicating approval of dictum suggesting "that a dismissal for failure to prosecute is functionally the same as a dismissal for negligence in prosecution"); *see id.* ¶ 13 (stating that the nonstatutory equitable tolling doctrine "should be subject to the same exception or limitation as applies [under the Savings Statute]" and thus, "[w]here an action is dismissed for *failure to prosecute* (*negligence in its prosecution*), the limitations period will not be interrupted" (emphasis added)); *cf. King v. Lujan*, 1982-NMSC-063, ¶ 8, 98 N.M. 179, 646 P.2d 1243 ("[T]he courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action.").

**{11}** However, this Court has applied the negligent prosecution exception to circumstances in which the theory of negligence was not based on a failure to timely take the steps necessary to bring the first-filed lawsuit to a close. In *Barbeau*, 2001-NMCA-077, ¶ 12, on which Plaintiff relies, this Court recognized that in *Gathman-Matotan Architects & Planners, Inc.*, our Supreme Court had "held that failure to prosecute and negligence in the prosecution were one and the same for purposes of Section 37-1-14," but this Court nevertheless concluded that "New Mexico case law ha[d] not comprehensively defined what constitutes 'negligence in the prosecution.'" *Barbeau*, 2001-NMCA-077, ¶ 12 (internal quotation marks and citation omitted). To define that phrase, this Court relied on *Sautter v. Interstate Power Co.*, 563 N.W.2d 609 (Iowa 1997). *See Barbeau*, 2001-NMCA-077, ¶¶ 13, 15. In *Barbeau*, this Court stated that in *Sautter*, the Iowa Supreme Court "held that when the plaintiffs had knowledge of

the facts that would deny them jurisdiction, their failure to file in the correct forum constituted 'negligence in the prosecution.'"[3] *Barbeau*, 2001-NMCA-077, ¶ 13 (quoting *Sautter*, 563 N.W.2d at 611). Applying that definition to the circumstances presented in *Barbeau*, this Court held that the plaintiffs' prior suit had failed for negligence in the prosecution because, by filing their prior suit in a federal district court that did not even "arguably" have subject matter or personal jurisdiction, the plaintiffs had "prosecute[d] their action in [a] non-negligent manner." *Id.* ¶¶ 11, 15-16; *see also Foster*, 2012-NMCA-072, ¶¶ 12-24 (analyzing at length whether the defendants had made a prima facie showing that the plaintiff "knew or reasonably should have known that diversity was lacking" when he filed a personal injury action in federal court).

**{12}**   By contrast, in *Amica Mut. Ins. Co. v. McRostie*, 2006-NMCA-046, ¶¶ 16-17, 139 N.M. 486, 134 P.3d 773, this Court declined to apply the *Barbeau* framework to a case in which the plaintiff's first suit had been dismissed for improper venue, even though "we [could not] say that [the p]laintiff was free of carelessness" in filing in the improper venue. This Court reasoned that there is "a valid distinction . . . between filing a complaint that on its face defeats subject matter jurisdiction, and filing an action without a thorough investigation as to whether venue is proper." *Id.* ¶ 16. We also observed that, "[w]ere it not for the foot in the door given [the d]efendant by *Barbeau*, a case in which it was evident from the complaint itself that the Oregon federal court lacked jurisdiction, we tend to doubt the present case would have reached the appellate level." *Amica Mut. Ins. Co.*, 2006-NMCA-046, ¶ 17. This Court distinguished *Barbeau* because it involved a dismissal for lack of subject matter jurisdiction, reasoning that the defense of improper venue, unlike a lack of subject matter jurisdiction, "can be waived." *Amica Mut. Ins. Co.*, 2006-NMCA-046, ¶ 17.

**{13}**   The distinction this Court has drawn between waivable and nonwaivable defenses dictates the outcome of this appeal because, unlike subject matter jurisdiction, lack of standing is a waivable defense. *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 16, 369 P.3d 1046. We therefore hold that a dismissal for lack of standing does not fall within the exception for negligence in the prosecution and that the instant action is therefore a continuation of the action that was dismissed for lack of standing. Accordingly, the district court erred by dismissing this action as untimely.

**CONCLUSION**

**{14}**   We reverse.

---

3Relying on *Gathman-Matotan Architechs & Planners, Inc.*, Plaintiff argues that the "negligence in the prosecution" exception is more limited than *Barbeau* suggests, asserting that it should only apply where an action is filed and a party fails to "prosecute the action with reasonable diligence." This Court rejected a similar argument in *Barbeau*, 2001-NMCA-077, ¶ 12. Although we have reason to doubt that *Barbeau*'s interpretation of the exception can be squared with the plain language and purpose of the Savings Statute, Plaintiff has not asked us to overrule *Barbeau*, and we decline to reconsider that precedent in the absence of a developed argument addressing the stare decisis considerations. *See generally Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 15, 134 N.M. 43, 73 P.3d 181 ("We require special justification in order to depart from precedent.").

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**