The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: May 20, 2024

**No. A-1-CA-40362**

**JESUS MORENO,**

Plaintiff-Appellant,

v.

**RANGER ENERGY SERVICES, LLC**
**and WILDCAT OIL TOOLS, LLC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Durham, Pittard & Spalding LLP
Caren I. Friedman
Justin R. Kaufman
Rosalind B. Bienvenu
Santa Fe, NM

Arnold & Itkin LLP
Andrew Gould
Noah M. Wexler
Trenton "Trent" Shelton
Houston, TX

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Stephanie K. Demers
Albuquerque, NM

for Appellee Ranger Energy Services, LLC

Priest & Miller, LLP
Ada B. Priest
Brian L. Shoemaker
Albuquerque, NM

for Appellee Wildcat Oil Tools, LLC

**OPINION**

**WRAY, Judge.**

{1}     Plaintiff Jesus Moreno appeals the district court's determination that the personal injury complaint against Ranger Energy Services, LLC and Wildcat Oil Tools, LLC (collectively, Defendants) was untimely filed. Plaintiff maintains that the district court improperly dismissed the case, because the savings statute, NMSA 1978, § 37-1-14 (1880), applied to deem the present case a continuation of a first-filed, but dismissed, Texas case. We conclude, however, that under the circumstances of the present case, the Texas case was untimely as a matter of law on the face of the pleadings and the motion responses, and as a result, the subsequent case filed in New Mexico cannot be "deemed a continuation of the first," expired case. *Id.* We therefore affirm.

**BACKGROUND**

{2}     Plaintiff, a Texas resident, first filed suit in Texas state court in July 2020 and sought damages allegedly arising from injuries sustained in a 2017 oil field accident that occurred in New Mexico. Plaintiff alleged that Defendants "managed, owned, and operated" the site and that the case was "governed by New Mexico law." Defendant Wildcat Oil Tools, LLC filed a motion for summary judgment, which argued that the two-year Texas statute of limitations applied and the case should be dismissed because it was filed after the Texas statute of limitations expired. The

Texas court granted the summary judgment motion, and the matter was dismissed with prejudice in January 2021. Within six months, Plaintiff filed suit again against Defendants in New Mexico. Defendants moved to dismiss, this time based on the expiration of the three-year New Mexico statute of limitations, which by the time the New Mexico lawsuit was filed, had also already expired. Plaintiff argued that the savings statute applied and because the New Mexico case—the present case—was filed within six months of the Texas dismissal, the New Mexico case was a continuation of the Texas case and therefore timely filed. The district court agreed with Defendants and dismissed. Plaintiff appeals.

**DISCUSSION**

{3}     On appeal, Plaintiff renews the argument that the New Mexico action was timely under the savings statute. Section 37-1-14 states that "[i]f, after the commencement of an action, the plaintiff fail[s] therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." We have explained that "when a plaintiff fails to exercise due diligence in the prosecution of [their] case, we will find that that suit has failed due to negligence in the prosecution, and the plaintiff cannot benefit from the six-month time for refiling contained in Section 37-1-14." *Foster v. Sun Healthcare Grp., Inc.*, 2012-NMCA-072, ¶ 8, 284 P.3d 389 (alteration, internal quotation marks,

and citation omitted). Plaintiff asserts that the New Mexico savings statute should apply to remedy any timing defect in the second suit, the record demonstrates no negligent prosecution, and to the extent this Court relies on *Barbeau v. Hoppenrath*, 2001-NMCA-077, 131 N.M. 124, 33 P.3d 675 to affirm, *Barbeau* should be overruled. The parties agree our standard for review is de novo. *See Amica Mut. Ins. Co. v. McRostie* (hereinafter *Amica*), 2006-NMCA-046, ¶ 13, 139 N.M. 486, 134 P.3d 773; *Barbeau*, 2001-NMCA-077, ¶ 6. We begin with *Barbeau*.

{4}     In *Barbeau*, the plaintiffs first filed suit in Oregon and alleged that the federal district court had diversity jurisdiction over the parties to resolve a dispute involving an injury that occurred in New Mexico. 2001-NMCA-077, ¶¶ 1, 5. The facts set forth in the complaint, however, defeated diversity jurisdiction, and the complaint was dismissed. *Id.* ¶¶ 3-4. The plaintiffs refiled the case in New Mexico and argued that the savings statute applied. *Id.* ¶ 5. The district court and this Court disagreed. *Id.* ¶¶ 1, 6. We reasoned that the plaintiffs had been negligent in the prosecution of the case, because their own federal complaint showed they had knowledge of facts that defeated diversity jurisdiction and personal jurisdiction, and they did not show any "innocent mistake or an erroneous guess at an elusive jurisdictional fact known only to the defendants or any other circumstances that might serve to excuse what otherwise appear[ed] clearly to be negligence." *Id.* ¶ 16. The *Foster* Court later described the *Barbeau* holding as, "because the plaintiffs failed to file their first case

3

in a forum that they could have reasonably believed had the power to decide the matter, summary judgment for the defendant was proper." *Foster*, 2012-NMCA-072, ¶ 10.

{5}     We have previously declined to "automatically transfer" the reasoning from *Barbeau* to facts that do not implicate subject matter jurisdiction. *Amica*, 2006-NMCA-046, ¶ 16. In *Amica*, we noted the "valid distinction to be made between filing a complaint that on its face defeats subject matter jurisdiction," as was the case in *Barbeau*, and carelessly "filing an action without a thorough investigation as to whether venue is proper," which described the facts in *Amica*. 2006-NMCA-046, ¶ 16. Instead, the *Amica* Court balanced the waivable nature of venue mistakes against "the policy favoring access to judicial resolution of disputes" and concluded that the venue mistake was not negligence in the prosecution as contemplated by Section 37-1-14. *Amica*, 2006-NMCA-046, ¶ 17. Plaintiff argues that similarly here, expiration of the statute of limitations in a civil case is a waivable defense and not a jurisdictional matter, and therefore, the reasoning in *Barbeau* should not apply. While we recognize a distinction between subject matter jurisdiction and a statutory limitation period, we cannot agree that under these circumstances, it is enough to categorize the statute of limitations as a waivable defense and apply the savings statute. To explain, we provide a brief explanation of the applicable Texas limitation period.

**{6}** Texas law permits a Texas citizen to bring an action for damages resulting from an injury that occurred in another state provided that certain criteria are met, including that "the action is begun in [Texas] within the time provided by the laws of [Texas] for beginning the action." Tex. Civ. Prac. & Remedies Code Ann. § 71.031(a)(2) (West 1997). Texas courts have explained that "Section 71.031(a) is not a jurisdictional bar, but it is a statutory requirement or prerequisite that affects a plaintiff's right to obtain relief and should be met before a trial court proceeds." *Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 120 (Tex. Ct. App. 2020). Texas law contemplates that the law of another state may apply to the claim according to a fact-based "most significant relationship" test—but not until after it can be established that the claim was brought within the time established by Texas law. *Id.* at 121-23 (internal quotation marks omitted). Plaintiff's complaint alleged that the claim was "governed by New Mexico law" but made no allegation or argument that the claim was brought within the time established by Texas law. Thus, on its face Plaintiff's claim was untimely, and Plaintiff made no effort in subsequent pleadings to establish any facts that would justify deeming the complaint to be timely under Texas law. *See Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 10, 298 P.3d 500 ("As a general rule, issues as to whether a claim has been timely filed or whether good cause exists for delay in filing an action are questions of fact, and such issues only become issues of law when the facts are undisputed." (internal quotation marks and citation

omitted)); *see also Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 28, 140 N.M. 111, 140 P.3d 532 (holding that "even at the motion to dismiss stage, a plaintiff must have alleged in the complaint, or must respond to the motion to dismiss with, factual allegations that, if proved, would support application of the discovery rule").

{7}     It is under these circumstances that Plaintiff asks us to disregard *Barbeau* and conclude simply that the statute of limitations is a waivable defense, Plaintiff diligently pursued the claim, the New Mexico statute of limitations had not expired when the claim was filed in Texas, and the plain language of Section 37-1-14 does not require that the first action be timely commenced. We agree with Plaintiff that we should not "automatically" apply the *Barbeau* reasoning because a valid distinction exists "between filing a complaint that on its face defeats subject matter jurisdiction" and filing an expired complaint. *See Amica*, 2006-NMCA-046, ¶ 16. While "[s]ubject matter jurisdiction gives a court power and authority to act," *id.* ¶ 17, limitation periods are generally designed "to protect [the] defendants from having to defend against stale claims and to ensure that [the] plaintiffs timely pursue claims," *Est. of Brice v. Toyota Motor Corp.*, 2016-NMSC-018, ¶ 35, 373 P.3d 977. The present case, however, does not involve the sort of careless prefiling investigation at issue in *Amica*, which this Court was willing to countenance when balanced against the "policy favoring access to judicial resolution of disputes."

6

2006-NMCA-046, ¶¶ 16-17. Instead, Plaintiff filed the untimely complaint in Texas, alleged New Mexico law would apply, did not allege that the complaint satisfied the Texas limitation period, and provided no basis to conclude that the Texas limitation period had not expired.

{8}     Rather than simply applying *Barbeau* at the outset, we take our cue from *Amica* and *Foster* and consider whether the error under these circumstances constitutes negligent prosecution based on the policy considerations implicated by the expiration of the statute of limitations, the purposes of the savings statute, and our preference in favor of "access to judicial resolution of disputes." *Amica*, 2006-NMCA-046, ¶ 17; *Foster*, 2012-NMCA-072, ¶ 7 ("Further, New Mexico's policy favoring access to judicial resolutions of disputes is embodied in Section 37-1-14, and when determining whether a plaintiff has been negligent in the prosecution of their suit, we balance the plaintiff's error against this policy.").

{9}     As we have noted, limitation periods offer "basic fairness" to defendants by "encouraging promptness in instituting a claim, suppressing stale or fraudulent claims, and avoiding inconvenience, [and] encourag[ing] plaintiffs to bring their actions while the evidence is still available and fresh." *Roberts v. Sw. Cmty. Health Servs.*, 1992-NMSC-042, ¶ 25, 114 N.M. 248, 837 P.2d 442. Limitation periods also "reflect a policy decision regarding what constitutes an adequate period of time for a person of ordinary diligence to pursue [a] claim." *Id.* ¶ 26 (internal quotation marks

7

and citation omitted). Plaintiff's late filing in Texas and subsequent filing in New Mexico defeated each of these stated purposes—Plaintiff argued no need for additional time and no equitable basis to toll the limitation period, while the claim and evidence to support it became increasingly stale.

{10} Similarly, deeming the present case to be a continuation of the Texas case does not serve the purposes of the savings statute. Section 37-1-14 has been described as having "the effect of preventing a statute of limitations from barring a suit where the original suit was brought in a timely fashion but the statute ran before the second suit was filed." *Amica*, 2006-NMCA-046, ¶ 1. Our Supreme Court has similarly stated, "The statute is a tolling statute, which operates to suspend the running of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed, except when the dismissal is based on a failure to prosecute the action with reasonable diligence." *Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin.* (hereinafter *Gathman-Matotan*), 1990-NMSC-013, ¶ 8, 109 N.M. 492, 787 P.2d 411; *see also Benally v. Pigman*, 1967-NMSC-148, ¶ 14, 78 N.M. 189, 429 P.2d 648 (noting that the savings statute applied because the first dismissal was "not based upon the discretionary power of the court to dismiss stale claims, nor was there any finding or conclusion that the [first dismissal] was by reason of the negligence of [the] plaintiffs in prosecuting that cause"). Because the Texas limitation period had expired before Plaintiff's

action was filed, the commencement of the Texas action in Texas could not toll the running of the New Mexico limitation period under the savings statute—the expiration of the applicable Texas limitation period barred the action as untimely before it was filed in Texas and there was therefore no valid action to save in New Mexico after the New Mexico limitation period expired. *See* § 37-1-14; *U.S. Fire Ins. Co. v. Aeronautics, Inc.*, 1988-NMSC-051, ¶ 5, 107 N.M. 320, 757 P.2d 790 (describing Section 37-1-4 as a tolling statute).

{11} The Tenth Circuit Court of Appeals came to a similar conclusion in *DeVargas v. Montoya*, 796 F.2d 1245, 1247 (10th Cir. 1986), *overruled on other grounds by Newcomb v. Ingle*, 827 F.2d 675 (10th Cir. 1987), in which a plaintiff's case was dismissed as untimely from state court and the plaintiff refiled the "same basic complaint" in federal court. The *DeVargas* plaintiff argued in part that the second suit was a continuation of the first and the limitation period was tolled by the savings statute. *Id.* at 1250. The Court disagreed and explained, "As previously indicated, we recognize as valid and binding the New Mexico judgment that [the] plaintiff had nothing to continue [because the] suit in state court was time-barred." *Id.*

{12} Plaintiff contends that *DeVargas* is partially overruled, outdated, nonbinding, distinguishable, and unpersuasive. The *DeVargas* Court, Plaintiff argues, did not have the benefit of our Supreme Court's decisions in *U.S. Fire Insurance Co.* and *Gathman-Matotan*, which Plaintiff asserts explain "the meaning of the negligent-

9

prosecution exception in New Mexico." Neither of those cases, however, set forth principles that conflict with the reasoning of the *DeVargas* Court. To the contrary, in *Gathman-Matotan*, our Supreme Court assumed that the savings statute applied "when an action is timely commenced," 1990-NMSC-013, ¶ 8, and in *U.S. Fire Insurance Co.*, the Court confirmed that Section 37-1-4 is a tolling statute, *U.S. Fire Ins. Co.*, 1988-NMSC-051, ¶ 5.

{13}     Nor do the factual distinctions between the present case and *DeVargas* diminish its persuasiveness. Plaintiff observes that in *DeVargas*, the plaintiff's first suit was time-barred by New Mexico law, 796 F.2d at 1248, while in the present case, the New Mexico limitation period had not yet expired when the original lawsuit was filed in Texas. Plaintiff does not acknowledge that the Texas lawsuit was already barred by Texas law and that by the time the suit was filed in New Mexico, the New Mexico limitation period had also expired. Though *DeVargas* considered only one statute of limitations—the New Mexico statute—and in the present case two limitation periods are at issue, in both cases the original suit was expired and the plaintiff attempted to rely on the first expired suit to deem the second suit timely. As the *DeVargas* Court observed, "[t]he savings statute could not resurrect what never existed." *Id.* at 1250. Under the present circumstances, we similarly conclude that the savings statute cannot resurrect a suit that Plaintiff does not dispute was untimely as a matter of Texas law when it was first filed in Texas. *See State v. Kerby*, 2007-

10

NMSC-014, ¶ 11, 141 N.M. 413, 156 P.3d 704 (observing that the expiration of the statute of limitations is a question of law where the "facts relevant to a statute of limitations issue are not in dispute" (internal quotation marks and citation omitted)).

{14}    In light of all of this, we reject Plaintiff's position that the Texas litigation was diligently pursued, and we decline Plaintiff's invitation to overrule *Barbeau*'s conclusion that "the plaintiff must choose a forum that arguably has the power to decide the matter." *See Barbeau*, 2001-NMCA-077, ¶ 15. The present case does not involve whether either forum had the power to decide the matter but instead whether Plaintiff's claim, which was indisputably expired when it was filed, can be saved by Section 37-1-14.

{15}    Balancing the policies underlying the statute of limitations, the savings statute, and access to judicial resolution, we conclude that Plaintiff was negligent in the prosecution of the Texas case. *See Amica*, 2006-NMCA-046, ¶ 17. We endeavor to apply the savings statute "liberally in furtherance of [its] purpose—to enable controversies to be decided upon substantive questions rather than upon procedural technicalities." *Foster*, 2012-NMCA-072, ¶ 7 (internal quotation marks and citation omitted). Nevertheless, the facts of the present case do not suggest a mere "procedural technicalit[y]." *See id.* (internal quotation marks and citation omitted). Even though the New Mexico limitation period had not expired when the Texas action was filed, as a matter of Texas law, the New Mexico limitation period did not

apply to the action, which was barred by the Texas statute of limitations. Thus, Plaintiff has not demonstrated that the Texas filing was an "innocent mistake or an erroneous guess at an elusive jurisdictional fact known only to the defendants or any other circumstance that might serve to excuse what otherwise appear[ed] clearly to be negligence." *See Barbeau*, 2001-NMCA-077, ¶ 16. We have already explained that the policies underlying both limitation periods and the savings statute counsel against the application of Section 37-1-14, and as a result, all three policies weigh against application of the savings statute in the present case.

{16}    We emphasize the limited nature of this holding—we have applied the *Barbeau* reasoning because it was warranted by the balance of policy considerations in the context of the present case. Just as *Foster*—which involved a superficially similar fact pattern to *Barbeau*—did not reach the same result as *Barbeau* because the facts were different, so too could another claim survive under different facts. Regardless, under these circumstances, we must conclude that first pursuing the claim in Texas was a "failure to prosecute the action with reasonable diligence" under the circumstances, and the New Mexico savings statute does not apply. *See Gathman-Matotan*, 1990-NMSC-013, ¶ 8.

**CONCLUSION**

{17}    We affirm.

{18}     **IT IS SO ORDERED.**


                                       _____

                                       **KATHERINE A. WRAY, Judge**

**WE CONCUR:**


_____

**SHAMMARA H. HENDERSON, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**

13