618 P.2d 364

**FIRST NATIONAL BANK OF SANTA FE, Plaintiff–Appellee,**

v.

**Reginaldo ESPINOZA, II, Defendant–Third Party Plaintiff–Appellant,**

v.

**CHAMISA BROADCASTING COMPANY and James F. Hoffman, Third Party Defendants–Appellees.**

No. 12770.

Supreme Court of New Mexico.

Oct. 23, 1980.

Standley & Suzenski, Robert Suzenski, Santa Fe, for defendant–third party plaintiff–appellant.

White, Koch, Kelly & McCarthy, Kenneth Bateman, Daniel H. Friedman, Santa Fe, for plaintiff–appellee.

## OPINION

SOSA, Chief Justice.

This case addresses the issue of whether a third–party complaint filed pursuant to Rule 14(a) N.M.R. Civ.P. 14, N.M.S.A. 1978 (Repl.Pamp.1980), was properly dismissed.

First National Bank loaned $40,000 to Reginaldo Espinoza, II, for which Espinoza executed a promissory note. The note was secured by Espinoza's assignment to the Bank of his right to payment under a consulting contract for $25,000 executed by third–party defendants Chamisa Broadcasting and James Hoffman (Chamisa) in favor of George Gonzales. Gonzales had assigned the instrument to Espinoza before Espinoza assigned it to the Bank. Other collateral was also assigned to the Bank, but we are not concerned with that here.

Espinoza defaulted. The Bank brought suit against him, and did not attempt to foreclose on the instrument. Espinoza filed a third–party complaint against Chamisa, alleging that Chamisa was liable to him under the contract. The Bank successfully moved to dismiss the third–party complaint. The trial court allowed an interlocutory appeal to be taken, which we granted.

Rule 14(a) is substantially the same as Rule 14(a) of the Federal Rules of Civil Procedure. It reads in pertinent part:

At any time after commencement of the action a defending party, as a third–party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Under this rule it is necessary that the third–party defendant be secondarily liable to the original defendant in the event the original defendant is held liable to the plaintiff. *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137 (W.D.Pa.1964); A. Holtzoff, *Entry of Additional Parties in a Civil Action*, 31 F.R.D. 101.

In the instant case, Espinoza argues that under his agreement with the Bank, the third–party defendants are primarily liable for the satisfaction of his debt to the Bank. He contends that at the time he arranged the loan, the Bank agreed to hold him secondarily liable, and to hold the third–party defendants primarily liable. But even if we accept this as true, this does not establish Espinoza's claim that the trial court must allow him to bring in the third–party defendants, because Rule 14 requires the third–party defendant to be secondarily liable. 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1446 (1971). If in fact the third–party defendants are primarily liable to the Bank, Espinoza can raise this as a defense in the Bank's suit against him, but cannot by right bring them into the suit under Rule 14. The purpose of Rule 14 is to facilitate judicial economy by allowing a defendant to bring in a party who would be liable to him in the event the original plaintiff prevails. 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1442 (1971). Here, the issue of whether Espinoza owes the Bank on the note is completely separate from the issue of whether Chamisa is liable to Espinoza. The resolution of the latter issue is not necessarily dependent on the former. The introduction of collateral issues in such a situation may confuse matters and hinder judicial economy. We hold that the trial court did not abuse its discretion in dismissing the third–party complaint.

AFFIRMED.

PAYNE and FEDERICI, JJ., concur.