734 P.2d 1269
GRAIN DEALERS MUTUAL
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Gay Lynn REED, Defendant Third-Party
Plaintiff-Appellee,

v.

FIRTH INSURANCE AGENCY OF NEW
MEXICO, Richard W. Firth and Karen
Witt, Third-Party Defendants-Appellants.

No. 16739.

Supreme Court of New Mexico.

April 1, 1987.

Butt, Thornton & Baehr, Louis R. Mande, Albuquerque, for third party defendants-appellants.

McCormick, Forbes, Caraway & Tabor, Michael E. Dargel, Carlsbad, for plaintiff-appellee.

W.T. Martin, Jr., Carlsbad, for defendant third-party plaintiff-appellee.

OPINION

STOWERS, Justice.

We allowed this interlocutory appeal to review the district court's denial of a motion to dismiss the third-party defendants from this declaratory judgment action. The third-party defendants argue that their joinder was improper under SCRA 1986, Rule 1–014 (formerly codified at NMSA 1978, Civ.P.R. 14 (Repl.Pamp.1980)). We agree, and we reverse the district court's order.

Seeking a declaration of its rights and duties under an automobile insurance policy issued by plaintiff Grain Dealers Mutual Insurance Company (Grain Dealers) to defendant and third-party plaintiff Gay Lynn Reed (Reed), Grain Dealers brought this action pursuant to our Declaratory Judgment Act, NMSA 1978, Sections 44–6–1 through –15. Reed had demanded that Grain Dealers provide a defense under the policy to a suit against her stepson arising from an accident that occurred while he was driving Reed's automobile. Grain Dealers, however, alleged in its complaint that it was not obligated to provide coverage or defense because the policy had been cancelled for nonpayment of premiums, with notice to Reed, prior to the date of her stepson's accident.

Some eight months after Reed filed an answer denying the material allegations of

the complaint, she sought and obtained leave of the district court to file the third-party complaint at issue here. In it, Reed, as third-party plaintiff, alleged that third-party defendants Firth Insurance Agency, Richard W. Firth, and Karen Witt (Firth), the agents of Grain Dealers with whom Reed did business, had breached the insurance policy or, alternatively, had negligently failed to procure insurance for Reed. Firth moved to dismiss the third-party complaint. After a hearing, the district court denied that motion and certified its decision for interlocutory appeal to this Court.

The Declaratory Judgment Act provides a remedy that affords relief from uncertainty with respect to rights and other legal relations. NMSA 1978, § 44-6-14. That remedy is to be obtained in accordance with our Rules of Civil Procedure for the District Courts. SCRA 1986, 1-057; *see generally* SCRA 1986, 1-001 to 1-102. Rule 1-014(A) governs third-party practice in declaratory judgment actions, as well as in other civil actions, and provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." SCRA 1986, 1-014(A) (formerly codified at NMSA 1978, Civ.P.R. 14(a) (Repl. Pamp.1980)).

■ Rule 1-014(A) does not authorize a defendant to bring into a lawsuit every party against whom he may have a claim arising from the transaction at issue between the defendant and the plaintiff. *See Guitard v. Gulf Oil Co.*, 100 N.M. 358, 363, 670 P.2d 969, 974 (Ct.App.), *cert. denied sub nom. Harrison Western Corp. v. Gulf Oil Co.*, 100 N.M. 327, 670 P.2d 581 (1983); *Baldonado v. Navajo Freight Lines, Inc.*, 90 N.M. 284, 287, 562 P.2d 1138, 1141 (Ct.App.), *rev'd on other grounds*, 90 N.M. 264, 562 P.2d 497 (1977). *Cf.* 3 J. Moore, *Moore's Federal Practice* ¶¶ 14.04, 14.07[1] (2d ed.1985); 6 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1442, 1446 (1971); 26 *Federal Procedure, L Ed* §§ 59:196, :198, :212 (1984) (discussing Fed.R.Civ.P. 14(a)). Traditionally, the third-party defendant must be secondarily liable to the defendant third-party plaintiff on a theory such as contribution or indemnity, in the event that the defendant is held liable to the plaintiff. *See First Nat'l Bank v. Espinoza*, 95 N.M. 20, 21, 618 P.2d 364, 365 (1980); *see also Downing v. Dillard*, 55 N.M. 267, 268-69, 232 P.2d 140, 141 (1951) (contribution); *Guitard v. Gulf Oil Co.*, 100 N.M. at 362-63, 670 P.2d at 973-74 (indemnity). *Cf.* 3 J. Moore, *supra*, at ¶¶ 14.03, 14.10-14.12; 6 C. Wright & A. Miller, *supra*, at §§ 1446, 1448, 1449; 26 *Federal Procedure L Ed, supra*, at §§ 59:197, :210-221 (discussing Fed.R. Civ.P. 14(a)). *But cf. American Fidelity & Casualty Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir.1956); *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y.1983) (exception to traditional rule in declaratory judgment actions, under Fed.R.Civ.P. 14(a)). This Court recently "adjusted" that rule in order to allow third-party complaints against concurrent tortfeasors, whose liability for contribution has been abolished under our comparative negligence system. *See Tipton v. Texaco, Inc.*, 103 N.M. 689, 693, 712 P.2d 1351, 1355 (1985). Our liberal construction of Rule 1-014 in *Tipton* was not intended to abrogate the traditional requirements of the rule, but was designed to prevent sweeping changes in third-party practice by keeping within the rule a category of cases we have long considered appropriate for consolidated adjudication. *See id.*, 103 N.M. at 692, 712 P.2d at 1354; *see also Guitard v. Gulf Oil Co.*, 100 N.M. at 362, 670 P.2d at 973.

■ Furthermore, Rule 1-014(A) does not authorize a defendant to bring into a lawsuit a third party who may be liable to the *plaintiff*. Prior to the 1949 amendment of our third-party practice rule, the defendant was allowed to file a third-party complaint against a person "who [was] or [might have been] liable to him *or to the plaintiff* for all or part of the plaintiff's claims against him." *See* NMSA 1941,

§ 19–101(14)(Rule 14(a)) (emphasis added); *see also* NMSA 1953, Repl.Vol. 4 (1970), § 21–1–1(14), Compiler's Notes and Amendments. This amendment, conforming our rule to the 1946 amendment of the federal rule, was designed to preserve the plaintiff's choice of parties and to prevent the defendant from compelling the plaintiff to amend his pleadings in order to seek relief against a third-party defendant tendered by the original defendant. *See Salazar v. Murphy*, 66 N.M. 25, 31, 340 P.2d 1075, 1079–80 (1959); *cf.* 3 J. Moore, *supra*, at ¶ 14.01; 6 C. Wright & A. Miller, *supra*, at §§ 1444, 1446; *Federal Procedure L Ed*, *supra*, at § 59:197 (discussing amendment to Fed.R.Civ.P. 14(a)).

■ Grain Dealers chose not to sue Firth when it brought the present declaratory judgment action against Reed. If Reed prevails, and Grain Dealers is obligated to provide defense and coverage under her policy, Grain Dealers' agents Firth may be liable to it. Rule 1–014(A), however, does not permit Reed to bring a third-party complaint on the basis of the third-party defendants' liability to the original plaintiff. On the other hand, if Grain Dealers prevails, a judgment will issue declaring Grain Dealers to be relieved of any obligations to provide defense or coverage under the policy, but not holding Reed liable to Grain Dealers. Firth therefore cannot possibly be secondarily liable to Reed. Rule 1–014(A), however, does not permit Reed to bring a third-party complaint unless there is a possibility that the third-party defendants will be secondarily liable to her. We therefore hold that the third-party defendants were not properly joined under Rule 1–014(A).

Regardless of the propriety of Firth's joinder as third-party defendants under Rule 1–014(A), Reed and Grain Dealers assert that the district court's order is independently supported on other grounds. Reed contends that the granting of leave to join a third-party defendant rests in the sound discretion of the trial court and that the district court's decision in this case was supported by the language and the purpose of our Declaratory Judgment Act. *See* NMSA 1978, § 44–6–12. Grain Dealers argues that the district court's decision was supported by SCRA 1986, Rule 1–019 ((formerly codified at NMSA 1978, Civ.P.R. 19 (Repl.Pamp.1980)), which governs the joinder of persons needed for just adjudication. We do not agree.

The provisions cited by Reed and Grain Dealers pertain to mandatory joinder, as parties to the original action, of persons who claim an interest in the subject matter of that action or whose absence would prevent complete relief from being accorded to those already parties. *See* NMSA 1978, § 44– 6–12; SCRA 1986, Rule 1–019(A). The third-party defendants do not claim an interest in the subject matter of the lawsuit brought by Grain Dealers. Neither Reed nor Grain Dealers has argued that they are necessary parties who must be joined as plaintiffs or defendants to the complaint for declaratory relief. Nor did the district court under Rule 1–019 order Firth to be joined as parties to that claim.

The present case involves the permissive joinder of Firth, as third-party defendants, to a separate but related claim raised only by defendant Reed. *See Salazar v. Murphy*, 66 N.M. at 31, 340 P.2d at 1079. Rule 1–014, not Rule 1–019, governs third-party actions, and only third parties who meet the standards set forth in Rule 1–014 may be brought into litigation as third-party defendants. *Cf.* 6 C. Wright & A. Miller, *supra*, at § 1446 (discussing Fed.R.Civ.P. 14(a)). The district court abused its discretion when it denied Firth's motion to dismiss a third-party complaint that did not meet the standards of Rule 1–014. We therefore reverse the district court's order and remand this case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., concur.