757 P.2d 790

**UNITED STATES FIRE INSURANCE COMPANY, Plaintiff,**

v.

**AERONAUTICS, INC. and Robert Corn, Defendants–Third–Party Plaintiffs–Appellants and Cross–Appellees,**

v.

**Lee Roy JONES, et al., Defendants,**

**RBS Insurance and Brad Pretti, Third–Party–Defendants–Appellees and Cross–Appellants.**

No. 17346.

Supreme Court of New Mexico.

July 11, 1988.

Bozarth, Craig & Vickers, Marion J. Craig, III, Roswell, for appellants.

Modrall, Sperling, Roehl, Harris & Sisk, Benjamin Silva, Jr., Kevin T. Riedel, Albuquerque, for appellees.

## OPINION

SCARBOROUGH, Chief Justice.

United States Fire Insurance Company [USFIC] filed suit on January 10, 1984 against Aeronautics, Inc. and Robert Corn seeking a declaratory judgment that USFIC was not obligated under its policy of insurance to defend or indemnify Aeronautics or to otherwise provide coverage for claims arising out of the crash of an aircraft rented from Aeronautics. Aeronautics and Corn filed a third party complaint against RBS Insurance Company and Brad Pretti, respectively, the insurance company and agent who sold them the USFIC policy, alleging that RBS and Pretti failed to procure coverage for aircraft rental operations requested by Aeronautics. The trial court dismissed the third party complaint for improper joinder under SCRA 1986, 1-014. Aeronautics and Corn appeal from the dismissal. We affirm.

Aeronautics is an aircraft charter company that has its principal place of business in Roswell, New Mexico. Corn is the president of Aeronautics. Corn approached agent, Brad Pretti, for the purpose of obtaining insurance for Aeronautics. Pretti is associated with RBS Insurance Company in Roswell. On May 26, 1983, RBS procured for Aeronautics a policy of insurance from USFIC that covered charter operations but not rentals of aircraft. On August 17, 1983, in a Piper aircraft rented from Aeronautics, pilot Jerry Jones crashed in Texas, killing himself, his wife, his grandson, and another passenger. USFIC filed its action for declaratory judgment stating that the policy did not apply to aircraft rentals. The third party complaint alleges that Pretti and RBS negligently failed to procure the proper insurance coverage for Aeronautics.

In dismissing the third party complaint, the trial court cited our recent opinion, *Grain Dealers Mutual Insurance Co. v. Reed*, 105 N.M. 586, 734 P.2d 1269 (1987) as support for its ruling. In *Grain Dealers*, we held third parties should not be joined if they are not secondarily liable to the plaintiff. In order to support a joinder under Rule 1-014, the third party defendants must be liable to the defendant if the defendant is found to be liable to the plaintiff. No claim was made that either of the third party defendants would be liable to the defendant as a result of the third party action or otherwise. We conclude the trial court was correct in dismissing Aeronautics' and Corn's third party complaint.

Aeronautics and Corn next argue that the trial court, rather than dismiss their third party complaint, should have severed their claim against RBS and Pretti pursuant to SCRA 1978 Section 1-021 because the statute of limitations had run with regard to their cause of action against those parties. Clearly, Rule 1-021 provides that misjoinder of parties is not a ground for dismissal of an action and that any claim against a party may be severed and proceeded with separately. Thus, Aeronautics' and Corn's claim could have been severed. But we do not have to reach this issue since we are of the opinion that the statute of limitations has not run on their claims.

Aeronautics and Corn assert that they are faced with a two year statute of limitations for their cause of action against RBS and Pretti. Aeronautics and Corn argue that because the third party complaint was not dismissed until two and one-half years after the ongoing suit was filed, a

new suit by them against RBS and Pretti will be barred by the two year statute of limitations. We disagree. NMSA 1978, Section 37–1–14, (Orig. Pamp.) provides that the statute of limitations on a cause of action is tolled if a new suit setting forth essentially the same cause of action between the same parties is commenced within six months after a dismissal except when the dismissal was based on the plaintiff's failure to pursue his claim. *See Rito Cebolla Inv., Ltd. v. Golden West Land Corp.*, 94 N.M. 121, 127–28, 607 P.2d 659, 666–67 (Ct.App.1980); *Diebold Contract Services, Inc. v. Morgan Drive Away, Inc.*, 95 N.M. 9, 12, 617 P.2d 1330, 1333 (Ct.App. 1980). In this case, because Aeronautics and Corn pursued their claims, they would not be barred by the statute of limitations if they refiled them against RBS and Pretti within ·six months of the dismissal. The statute does not run during the pendency of an appeal. *See Otero v. Zouhar*, 102 N.M. 482, 485, 697 P.2d 482, 485 (1985), and NMSA 1978, Section 37–1–12.

Because the defendants, Aeronautics and Corn, are not prejudiced by the court's dismissal of the third party defendants, and because the dismissal was a proper application of this Court's opinion in *Grain Dealers*, we affirm the decision of the trial court.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.