The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: May 14, 2026

**NO. S-1-SC-40442**

**JESUS MORENO,**

Plaintiff-Petitioner,

v.

**RANGER ENERGY SERVICES, LLC**
**and WILDCAT OIL TOOLS, LLC,**

Defendants-Respondents.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Kathleen McGarry Ellenwood, District Judge**

Durham, Pittard & Spalding LLP
Caren I. Friedman
Justin R. Kaufman
Rosalind B. Bienvenu
Santa Fe, NM

Arnold & Itkin LLP
Andrew R. Gould
Brian M. Christensen
Trenton R. Shelton
Noah M. Wexler
Houston, TX

for Petitioner

Stephanie K. Demers
Albuquerque, NM

for Respondent Ranger Energy Services, LLC

Priest & Miller, LLP
Ada B. Priest
Brian L. Shoemaker
Albuquerque, NM

for Respondent Wildcat Oil Tools, LLC

**OPINION**

**VARGAS, Chief Justice.**

{1}    The question presented by this case is whether a plaintiff's second lawsuit, filed in New Mexico, may benefit from the New Mexico savings statute, NMSA 1978, § 37-1-14 (1880), when the plaintiff's first lawsuit was filed in another state and dismissed under that state's statute of limitations.

{2}    Plaintiff Jesus Moreno first filed a lawsuit in Texas state court, which was dismissed under Texas's two-year statute of limitations. Plaintiff then filed a lawsuit in New Mexico state court, after the expiration of the New Mexico three-year statute of limitations, seeking to benefit from the New Mexico savings statute's six-month grace period to refile a previously dismissed action as a continuation of the first. The district court dismissed the New Mexico lawsuit and the Court of Appeals affirmed, holding that Plaintiff's second lawsuit cannot benefit from the New Mexico savings statute because the factual circumstances of his dismissal fell within the statute's negligence in prosecution exception. *Moreno v. Ranger Energy Servs., LLC*, 2024-NMCA-065, ¶ 16, *cert. granted* (S-1-SC-40442, Aug. 29, 2024); Section 37-1-14 (stating that, if a plaintiff's lawsuit fails "for any cause, except negligence in its prosecution," a new suit may "be commenced within six months").

{3} Plaintiff now argues, relying on *Zangara v. LSF9 Master Participation Tr.*, 2024-NMSC-021, 557 P.3d 111, that the Court of Appeals erred and the dismissal of his first lawsuit does not fall under the New Mexico savings statute's negligence in prosecution exception. Instead, he claims that his second lawsuit should benefit from the New Mexico savings statute and be deemed a continuation of his first lawsuit.

{4} We agree with Plaintiff that the dismissal of his first lawsuit does not implicate the negligence in prosecution exception to the New Mexico savings statute as we defined it in *Zangara*. Nevertheless, Plaintiff's claim cannot proceed because he did not timely commence his first action. *See* § 37-1-14; *Zangara*, 2024-NMSC-021, ¶ 1 ("The savings statute suspends the running of an otherwise applicable statute of limitations when an action is *timely commenced* but later dismissed for any cause except negligence in prosecution." (emphasis added)). Because Plaintiff's first action was not timely commenced, his second action cannot benefit from the New Mexico savings statute as a continuation of the first. We affirm.

## I.     BACKGROUND

### A.     Plaintiff's First Lawsuit

{5} Plaintiff alleges he suffered severe and permanent injuries to his head, back, left ankle, and right shoulder when he fell off a rig platform at a drilling site in Lea

County, New Mexico. Approximately two years and eight months after the injury, Plaintiff filed his first action in Texas state court for negligence, negligence per se, and/or gross negligence. Plaintiff alleged his claims were governed by New Mexico law. Defendants moved for summary judgment, arguing Plaintiff's lawsuit should be dismissed because it was filed eight months after Texas's two-year statute of limitations period for personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2005). The Texas state court granted summary judgment motions, and Plaintiff's first lawsuit was dismissed with prejudice. Plaintiff did not appeal the Texas state court's determination.

**B.      Plaintiff's Second Lawsuit**

{6}      Four months after the Texas state court dismissed Plaintiff's lawsuit, Plaintiff filed a similar action against Defendants in New Mexico state court.[1] Plaintiff's New Mexico lawsuit was filed after New Mexico's three-year statute of limitations period for personal injury actions had expired. *See* NMSA 1978, § 37-1-8 (1976). However,

---

[1]Plaintiff's first lawsuit included additional Defendants based on their alleged ownership and operation of the drill site where he was injured. Still, no party challenges whether Plaintiff's second lawsuit is substantially similar for purposes of the New Mexico savings statute; thus, we assume, without deciding that it is. *See Rito Cebolla Invs., Ltd. v. Golden W. Land Corp.*, 1980-NMCA-028, ¶ 40, 94 N.M. 121, 607 P.2d 659 ("To be considered as a continuation, both [suits] must be substantially the same, involving the same parties, the same cause of action and the same right, and this must appear from the record.").

Plaintiff claimed his second action was viable as a continuation of his previously dismissed Texas lawsuit under New Mexico savings statute's six-month grace period to refile. Defendants moved to dismiss the second lawsuit, arguing the savings statute did not apply because Plaintiff was negligent in the prosecution of his first lawsuit by failing to timely file it. Defendants argued that as a result, Plaintiff's second lawsuit was barred by the New Mexico statute of limitations. The New Mexico district court agreed and dismissed the case.

{7}     Plaintiff appealed the district court's determination. The Court of Appeals affirmed the district court, holding that Plaintiff "first pursuing the claim in Texas was a failure to prosecute the action with reasonable diligence under the circumstances, and the New Mexico savings statute does not apply." *Moreno*, 2024-NMCA-065, ¶ 16 (internal quotation marks and citation omitted). The Court of Appeals relied on *Barbeau v. Hoppenrath*, 2001-NMCA-077, 131 N.M. 124, 33 P.3d 675, *overruled by Zangara*, 2024-NMSC-021, ¶ 27, and similar precedent to determine "whether the error under these circumstances constitutes negligent prosecution." *Moreno*, 2024-NMCA-065, ¶ 8. However, shortly after the Court of Appeals issued the *Moreno* decision, this Court overruled *Barbeau* and related precedent, "which extended the negligence in prosecution exception to

circumstances beyond a party's failure to timely take the steps necessary to bring the first-filed suit to a close." *Zangara*, 2024-NMSC-021, ¶ 27.

{8} We accepted certiorari to review whether the Court of Appeals correctly decided the issue in view of *Zangara*. Order, *Moreno v. Ranger Energy Servs., LLC*, S-1-SC-40442 (N.M. Aug. 29, 2024).

## II. DISCUSSION

### A. The Court of Appeals' Reasoning Is Contrary to *Zangara*

{9} Plaintiff contends that the precedent the Court of Appeals relied on to determine that he was negligent in prosecuting his first action was subsequently overruled by this Court in *Zangara*, 2024-NMSC-021, ¶¶ 20-27, mandating the reversal of the Court of Appeals' ruling. We review this question of law de novo. *Boradiansky v. State Farm Mut. Auto. Ins. Co.*, 2007-NMSC-015, ¶ 5, 141 N.M. 387, 156 P.3d 25.

{10} In *Zangara*, we rejected and overruled the Court of Appeals' fact-intensive analysis used to determine whether the negligence in prosecution exception applies under the savings statute. *Id.* ¶¶ 24-25, 27 (overruling *Barbeau*, and rejecting the analysis relied upon by the Court of Appeals in *Amica Mut. Ins. Co. v. McRostie*, 2006-NMCA-046, 139 N.M. 486, 134 P.3d 773, and *Foster v. Sun Healthcare Grp., Inc.*, 2012-NMCA-072, 284 P.3d 389). We reasoned that such a fact-intensive

analysis was "inconsistent with our prior analyses of Section 37-1-14." *Zangara*, 2024-NMSC-021, ¶ 24. This Court, instead, "equated negligence in prosecution with dismissal for failure to prosecute." *Id.* ¶ 12. In other words, we held that the negligence in prosecution exception applies only when the first action is dismissed due to the "party's failure to timely take the steps necessary to bring the first-filed suit to a close." *Id.* ¶ 27; *see also* Rule 1-041(E) NMRA (addressing dismissal for failure to take significant action).

{11}     However, as *Zangara* had not yet been decided, the Court of Appeals in this case relied on the previous fact-intensive analysis of the negligence in prosecution exception to reach its holding. *See Moreno*, 2024-NMCA-065, ¶ 7 (distinguishing the "careless prefiling investigation at issue in *Amica*"); *id.* ¶ 15 (applying *Barbeau* to determine that Plaintiff's "Texas filing was [not] an innocent mistake" (internal quotation marks and citation omitted)). In doing so, the Court of Appeals applied the very "case-by-case determination of whether there was negligence of any sort in the filing of the first action" that *Zangara* rejected. 2024-NMSC-021, ¶ 14.

{12}     As the law relied upon by the Court of Appeals changed after deciding this case, we reject the Court of Appeals' reasoning as contrary to our holding in *Zangara*. We nevertheless conclude that Plaintiff's second action cannot benefit from the savings statute because the New Mexico savings statute requires the first

action to be timely commenced. *Id.* ¶ 1. Here, Plaintiff's first lawsuit was not timely commenced, and therefore, he is not entitled to the benefit of the New Mexico savings statute.[2]

{13}    Because Plaintiff's first lawsuit was not timely commenced, we do not reach the question of whether Plaintiff was negligent in the prosecution of his Texas lawsuit.

---

[2]In his reply brief Plaintiff suggested that Section 37-1-14 should incorporate the applicable New Mexico statute of limitations to determine whether a suit was timely commenced, even if the suit was filed in another state. Plaintiff relied on the "text, purpose, and policy of the Savings Statute," but provided no authority to support his position. At oral argument, Plaintiff reiterated this argument and cited to several out-of-state cases that were not contained in his briefing. *See Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 423 (9th Cir. 1981) (holding that Montana's saving statute incorporated Montana's own statute of limitations when considering whether an action first filed and dismissed in Utah was timely commenced); *LaBarge, Inc. v. Universal Cirs. Inc.*, 751 F. Supp. 807, 809 (W.D. Ark. 1990) (holding the policy behind the Arkansas savings statute is satisfied as long as the suit in question was commenced within the time frame specified by Arkansas law). However, Plaintiff does not properly develop this argument, asserting little more than the policy favoring judicial resolutions on the merits prohibits this Court from construing "a statute to defeat its intended purpose." *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 21, 309 P.3d 1047 (text only) (citation omitted). Absent proper development, we will not consider the argument further. *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not . . . rule on an inadequately briefed issue [where doing so would require this Court] to develop the arguments itself, effectively performing the parties' work for them." (internal quotation marks and citation omitted)).

**B.    To Benefit from the New Mexico Savings Statute, a Plaintiff's First Action Must Be Timely Commenced and Dismissed for Any Reason Other Than Negligence in Prosecution**

{14}    We now turn to the question of whether the New Mexico savings statute requires the first action to be timely commenced and begin with the plain language of the statute, which we review de novo. *See Quynh Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 22, 147 N.M. 583, 227 P.3d 73 ("[T]he meaning of language used in a statute is a question of law that we review de novo." (internal quotation marks and citation omitted)). "When construing statutes, our guiding principle is to determine and give effect to legislative intent." *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047 (internal quotation marks and citation omitted). The primary indication of legislative intent is the plain language of a statute because the Legislature is presumed to mean what it says. *State v. Rael*, 2024-NMSC-010, ¶ 40, 548 P.3d 66. However, "if the plain meaning of the statute is doubtful, ambiguous, or if an adherence to the literal use of the words would lead to injustice, absurdity or contradiction, we will construe the statute according to its obvious spirit or reason."

*Baker*, 2013-NMSC-043, ¶ 11 (text only)[3] (citation omitted). With these canons of construction in mind, we look to the text of the New Mexico savings statute.

{15}    The plain language of the New Mexico savings statute provides:

> If, after the commencement of an action, the plaintiff fail[s] therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

Section 37-1-14.

{16}    Plaintiff argues that the plain language of the statute does not contain any requirement for the first action to be timely commenced and this Court should not read words into a statute that are not there. Plaintiff also asserts that a timeliness requirement would defeat the important purpose of our savings statute, "to facilitate resolution of disputes on their merits," and "New Mexico's policy favoring access to judicial resolutions." *Zangara*, 2024-NMSC-021, ¶¶ 1, 19 (internal quotation marks and citation omitted). Therefore, he insists this Court rely upon the New Mexico savings statute's remedial nature and liberally construe the statute to maintain our "focus on protecting plaintiffs' substantive rights." *Id.* ¶¶ 16, 19; *see also Albuquerque Hilton Inn v. Haley*, 1977-NMSC-051, ¶ 7, 90 N.M. 510, 565 P.2d

---

[3]"(Text only)" indicates the omission of nonessential punctuation marks—including internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text otherwise unchanged.

1027 (noting that courts should liberally construe the application of remedial statutes).

{17}    While it is true that the plain language of the New Mexico savings statute does not contain an explicit requirement for the first action to be timely commenced, we conclude that such a requirement is implicit in the basic operation of the statute. In practice, the savings statute permits a plaintiff whose initial action is dismissed for any reason other than negligence in prosecution to bring a new action within six months of the dismissal. *See U.S. Fire Ins. Co. v. Aeronautics, Inc.*, 1988-NMSC-051, ¶ 5, 107 N.M. 320, 757 P.2d 790. Essentially, the savings statute ensures that the statute of limitations will not bar the second action as long as a plaintiff diligently pursues relief but the initial action fails for some reason not related to the merits. *See* William D. Ferguson, *The Statutes of Limitation Saving Statutes* 79 (1978).

{18}    The New Mexico savings statute must also be read in harmony with the primary purpose of the statute of limitations—ensuring that defendants receive timely notice of any claims against them. *See id.*; *Roberts v. Sw. Cmty. Health Servs.*, 1992-NMSC-042, ¶ 25, 114 N.M. 248, 837 P.2d 442 (stating statute of limitations are intended to "encourage[] plaintiffs to bring their actions while the evidence is still available and fresh"). Accordingly, in order for the New Mexico savings statute

to extend the time to file a subsequent action, it is necessary for the first action to have been timely commenced against the defendant. Ferguson, *supra*, at 79.

{19} Moreover, while the New Mexico savings statute is remedial, we will not construe the statute so liberally as to render statutes of limitation virtually meaningless, particularly when such an expansive construction would lead to an absurd result. *See Katz v. N.M. Dep't of Hum. Servs.*, 1981-NMSC-012, ¶ 18, 95 N.M. 530, 624 P.2d 39 (explaining that a "statute must be construed so that no part of the statute is rendered surplusage or superfluous"); *see also Denish v. Johnson*, 1996-NMSC-005, ¶ 37, 121 N.M. 280, 910 P.2d 914 (noting that, under the basic rules of construction, no "provision should be interpreted so that it is rendered meaningless"); *Baker*, 2013-NMSC-043, ¶ 36 ("We will not construe a statute to defeat [its] intended purpose or achieve an absurd result." (internal quotation marks and citation omitted)).

{20} Here, Plaintiff's proposed interpretation of the New Mexico savings statute would lead to an absurd result by omitting any requirement for the first action to be timely commenced and allowing plaintiffs to maintain a second action at any time— even when the first action was filed months, or even years, after the applicable limitation period expired. *See e.g.*, *Baker*, 2013-NMSC-043, ¶ 35 (noting the plaintiff's suggested interpretation of the Medical Malpractice Act would lead to

"absurd results"). This interpretation clearly contradicts the Legislature's intent to codify a limit on the time to file an action by effectively nullifying the limitation period and transforming the New Mexico savings statute from a remedial protection for diligent litigants whose timely action is dismissed on procedural grounds to a perpetual opportunity to circumvent the statute of limitations. This cannot be what our Legislature intended.

{21} We therefore reject Plaintiff's proposed interpretation of the New Mexico savings statute. Instead, we must balance the New Mexico savings statute's intent to facilitate the resolution of timely filed actions on the merits, *Zangara*, 2024-NMSC-021, ¶ 1, with the statute of limitations' intent to encourage plaintiffs to bring their action before evidence becomes stale and provide defendants with timely notice of claims, *Roberts*, 1992-NMSC-042, ¶ 25. To do so, we must construe the New Mexico savings statute in a manner that preserves both its remedial purpose and the intended purpose of limitation periods. *See Chavez v. Bridgestone Ams. Tire Operations, LLC*, 2022-NMSC-006, ¶ 40, 503 P.3d 332 ("When possible, we must read different legislative enactments as harmonious instead of as contradicting one another." (internal quotation marks and citation omitted)).

{22} To strike this balance, we make explicit what has previously been an implicit principle in our precedent: the New Mexico savings statute requires a plaintiff's first

action to be timely commenced, and dismissed for any reason except negligence in prosecution, in order for the second action to be deemed a continuation of the first. *See Zangara*, 2024-NMSC-021, ¶ 1 (presuming that the statute only operates "when an action is timely commenced"); *Gathman-Matotan Architects & Planners, Inc. v. Dep't of Fin. & Admin.*, 1990-NMSC-013, ¶ 8, 109 N.M. 492, 787 P.2d 411 (same). Timely commenced means filing an action within the applicable statute of limitations. *See generally Timely*, *Black's Law Dictionary* (12th ed. 2024) (defining *timely* as "[w]ithin a specified deadline"); NMSA 1978, § 37-1-13 (1880) (defining "commencement of [an] action" as the "filing in the proper clerk's office of the petition, . . . upon the filing of which process is authorized by law to be issued"). Our interpretation aligns with the purpose of the New Mexico savings statute and prevents the statute from becoming a tool to unilaterally override the applicable statute of limitations. Ferguson, *supra*, at 287-88. Accordingly, we hold that when a plaintiff's first action is not timely commenced, a second action cannot "be deemed a continuation of the first" under the New Mexico savings statute because the first action was a nullity. Section 37-1-14; *see DeVargas v. Montoya*, 796 F.2d 1245, 1250 (10th Cir. 1986) (holding that, under the New Mexico savings statute, a plaintiff's second action could not "be deemed a continuation of the first" if the first

action was not timely commenced), *overruled on other grounds by Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987).

{23}     As applied to the facts of this case, we determine that Plaintiff's second lawsuit cannot benefit from the savings statute because his first action was not timely commenced. Though the issue of whether the New Mexico savings statute applies when the first action was not timely commenced in another forum is an issue of first impression in this Court, the Tenth Circuit Court of Appeals has addressed an analogous issue in *DeVargas*, 796 F.2d at 1247. In *DeVargas*, the plaintiff's first action was dismissed because it was filed after the applicable statute of limitations had expired in state court. *Id.* at 1247. The plaintiff then refiled in federal district court claiming his federal action was allowed to proceed under the New Mexico savings statute as a continuation of his state court action. *Id.* at 1248-50. Rejecting the plaintiff's arguments, the Tenth Circuit Court of Appeals reasoned that when the plaintiff's first action is dismissed on statute of limitations grounds, there can be no "continuation of the first." *Id.* at 1250. The Tenth Circuit Court of Appeals held that, in essence, the New Mexico savings statute cannot "resurrect [an action that] never existed." *Id.*

{24}     While not binding, *DeVargas* is persuasive because here, like *DeVargas*, the Texas state court dismissed Plaintiff's first action as it was filed after the applicable

Texas statute of limitations expired. The Texas state court's decision was rooted in the choice of law principle, codified by Texas statute, that statutes of limitations are procedural and the law of the forum governs matters of procedure. *See* Tex. Civ. Prac. & Rem. Code § 71.031(a), (b) (Vernon 1997) (allowing personal injury actions that occurred in a foreign state to be brought in Texas state court but providing that "all matters pertaining to *procedure* in the prosecution . . . are governed by" Texas state law (emphasis added)); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (providing a two-year limitation period for personal injury actions); *see also Nez v. Forney*, 1989-NMSC-074, ¶ 4, 109 N.M. 161, 783 P.2d 471 (recognizing that this Court has "viewed statutes of limitation as procedural for choice of law purposes" and "that the law of the forum governs" procedure); *Sun Oil Co. v. Wortman*, 486 U.S. 717, 730 (1988) (noting that statutes of limitations uphold each state's "interest in regulating the work load of its courts and determining when a claim is too stale to be adjudicated [sufficient by imposition of] statutes of limitations"). By dismissing Plaintiff's action on statute of limitation grounds, the Texas state court concluded that Plaintiff's action was not timely commenced. Based on these circumstances, Plaintiff's second lawsuit cannot benefit from the savings statute, despite New Mexico's longer statute of limitations period for personal injury lawsuits. In essence, the New Mexico savings statute cannot resurrect Plaintiff's first action because it

never was.[4] Therefore, we affirm the district court's dismissal of Plaintiff's second action because it was filed after New Mexico's three-year statute of limitations and Plaintiff cannot rely on the applicability of the savings statute to an action that never existed to show that it was timely filed with the district court.

**III.    CONCLUSION**

{25}    We hold that Plaintiff cannot benefit from the New Mexico savings statute's six-month grace period to refile because his first lawsuit was not timely commenced. We therefore affirm the Court of Appeals and the district court in the dismissal of Plaintiff's claims against Defendants.

{26}    **IT IS SO ORDERED.**

**JULIE J. VARGAS, Chief Justice**

---

[4]Because Plaintiff's Texas action was not timely commenced, we need not address the effect of the dismissal being *with* prejudice. *See Zangara*, 2024-NMSC-021, ¶ 11 (concluding that "any cause as used in our savings statute means any disposition without prejudice that produces or results in the failure of the first-filed action" (text only)).

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Justice**


_____
**DAVID K. THOMSON, Justice**


_____
**BRIANA H. ZAMORA, Justice**


_____
**FRANCIS J. MATHEW, Judge**
**Sitting by designation**